(C.D. 2202)

Bruce Duncan Company, a/c Sims-Worms *v*. United States

United States Customs Court, Second Division

(Decided September 21, 1960)

*Stein & Shostak* (*Marjorie M. Shostak* and *S. Richard Shostak* of counsel) for plaintiff.
*George Cochran Doub*, Assistant Attorney General (*Henry J. O'Neill*, trial attorney), for the defendant.

Before LAWRENCE, RAO, and FORD, Judges

LAWRENCE, Judge: This case relates to an importation of merchandise described on the consular invoice as vacuum brushes. They were classified by the collector of customs as household utensils in "chief value of other base metal, other," and duty was imposed thereon at the rate of 20 per centum ad valorem pursuant to paragraph 339 of the Tariff Act of 1930 (19 U.S.C. § 1001, par. 339), as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739.

Plaintiff claims that said merchandise should be classified as articles having as an essential feature an electrical element or device in paragraph 353 of said act (19 U.S.C. § 1001, par. 353), as modified by the Torquay protocol, *supra*, and subjected to duty at the rate of 13¾ per centum ad valorem.

The pertinent text of the statutes above referred to is here set forth:
Paragraph 339, as modified, *supra*:

Table, household, kitchen, and hospital utensils, and hollow or flat ware, not specially provided for, whether or not containing electrical heating elements as constituent parts:
    Electric flatirons, fly swatters * * *

    Other * * *:
        Not plated with platinum, gold, or silver, and not specially provided for, composed wholly or in chief value of—

            Base metal (other than aluminum, copper, steel, iron, antimony, brass, pewter, tin, and tin plate), not containing electrical heating elements_____ 20% ad val.

Paragraph 353, as modified, *supra*:

Articles having as an essential feature an electrical element or device, such as electric motors, fans, locomotives, portable tools, furnaces, heaters, ovens, ranges, washing machines, refrigerators, and signs, finished or unfinished, wholly or in chief value of metal, and not specially provided for:
    Batteries * * *

\*          \*          \*          \*          \*          \*          \*
    Other (except the following: blowers; combination candy cutting and wrapping machines; cooking stoves and ranges; cordage machines; fans; flashlights; industrial cigarette making machines; internal-combustion engines of the non-carburetor type; machines for determining the strength of materials or articles in tension, compression, torsion, or shear; machines for packaging pipe tobacco; machines for wrapping candy; machines for wrapping cigarette packages; tobacco cutting machines; and washing machines) _____ 13¾% ad val.

At the trial, three witnesses were called, all of whom appeared on behalf of the plaintiff.

The first witness, Bernard Worms, testified that he had been associated with Sims-Worms, Inc., ultimate consignee of the imported merchandise, since 1951, engaged as a buyer and seller of imported general products which were sold all over the United States; that he was familiar with the vacuum brushes in controversy, a sample of which was introduced in evidence as plaintiff's exhibit 1. Also received in evidence as plaintiff's collective illustrative exhibit 2 were two flashlight batteries used to operate exhibit 1. The witness explained that the vacuum brushes are operated by inserting two 1½-volt batteries and that the articles are activated by an electrical wiring device, plus the batteries, together with a motor contained therein. At this stage in the hearing, adversary counsel agreed to the following facts:

1. That plaintiff's exhibit 1 (the vacuum brush cleaner at bar) is an article which has as an essential element, without which it will not operate, an electrical device which can only be activated by electricity.

2. That it is composed of a plastic body, an electric motor, contacts and switches of metal, and a bristle brush in circular form.

The witness Worms further testified, based upon his observations and experience, that the merchandise represented by exhibit 1 was a compact, portable, travel unit, to be carried about as a vacuum cleaner for clothes to remove ashes and dust; that it could be carried in the glove compartment of a car; and that these are its basic uses.

The testimony of the other two witnesses was of the same import.

In stating "the issue," plaintiff contends that the articles in controversy are not household utensils and that they should be classified for duty purposes in said paragraph 353, as modified, *supra*, as articles having as an essential feature an electrical element or device.

It is our opinion that the issue before us is controlled by the decision of our appellate court in *United States* v. *Electrolux Corporation*, 46 C.C.P.A. (Customs) 143, C.A.D. 718, which affirmed the court below (40 Cust. Ct. 37, C.D. 1955). It was there held that electric floor polishers, which were classified as household utensils in paragraph 339 of the Tariff Act of 1930, as modified, *supra*, were more specifically provided for as articles having as an essential feature an electrical element or device in paragraph 353, as modified, *supra*. By analogous reasoning, the same rule is deemed to apply to the vacuum brushes in controversy.

In view of this conclusion, we find it unnecessary to decide whether or not imported articles are used as household utensils.

Therefore, upon the record before the court and for the reasons stated, we sustain the claim in the protest that the merchandise should be classified as articles having as an essential feature an electrical element or device within the purview of paragraph 353 of the Tariff Act of 1930, as modified, *supra*, and assessed with duty at the rate of 13¾ per centum ad valorem, as claimed by plaintiff.

Judgment will issue in accordance with the views above expressed.