BEFORE THE SECOND DIVISION, JUNE 13, 1961

No. 65798.—Rotel Corp. of America et al. *v.* United States, protests 58/870, etc. (New York).

LAWRENCE, Judge: This cause of action relates to the proper classification for customs duty purposes of certain food juicers covered by the protests enumerated in schedule "A," attached to and made a part of this decision.

The facts upon which a determination is to be made have been agreed upon by the parties in a written stipulation, the pertinent portion of which is here set forth:

1. That the merchandise covered by the protests set forth in SCHEDULE A affixed hereto and made a part hereof is described on the invoices as "Food Juicers", and consists of finished electrical food juicers composed in chief value of base metal, not plated with gold, platinum or silver.

2. That the said food juicers were classified for duty by the Collector of Customs as household utensils in chief value of metal, "other" and duty was assessed thereon either at the rate of 19 per centum or 18 per centum or 17 per centum ad valorem under paragraph 339 Tariff Act of 1930, as modified by T.D. 54108. The plaintiffs claim that the food juicers herein should be classified as articles having as an essential feature an electrical element or device, such as electric motors, etc., "other" and properly dutiable at the rate of 13¾ per centum ad valorem under paragraph 353 of the said tariff act as modified by T.D. 52739.

3. That, as imported, the said food juicers are articles which have as an essential feature an electrical element or device, namely, a ⅓ horsepower, 3,500 R.P.M. motor which operates on either A.C. or D.C., 110 volts, 60 cycles, which motor is built into each juicer as an integral part thereof; and each of the said juicers also contains all of the electrical parts necessary to enable it to perform the function for which it is designed, solely by means of electrical power.

4. That the said food juicers have been especially designed and constructed to be operated solely by electric motors; are incapable of operation without such motors; and to be operated must be plugged into a source of electric current and the current switched on.

5. That said food juicers do not contain any electrical heating elements as constituent parts thereof.

6. That said food juicers are manufactured and are chiefly used for the utilitarian purpose of extracting juice from vegetables and fruits.

7. That said food juicers are chiefly used in the household and particularly in the kitchen thereof.

8. That a sample of the merchandise with the letter A set forth on the label thereof represents the merchandise in issue herein and is submitted to be received in evidence with the consent of the Court to be marked Plaintiff's Exhibit 1.

9. That literature distributed by Balanced Foods Inc., 700 Broadway, New York 3, N.Y. with the letter B set forth on the labels thereof illustrates the use of the merchandise herein and is submitted to be received in evidence with the consent of the Court to be marked Plaintiff's Collective Illustrative Exhibit 2.

10. That the protests herein are consolidated and submitted upon the foregoing stipulation.

\*    \*    \*    \*    \*    \*    \*

In the light of the foregoing facts, the issue presented is clear. For customs duty purposes, are the imported food juicers, concededly utilitarian articles chiefly used in the household and, therefore, encompassed by the provision of paragraph 339 of the Tariff Act of 1930 (19 U.S.C. § 1001, par. 339), as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, properly classifiable therein, as determined by the collector of customs, or should they be classified within the electrical articles provision of paragraph 353 of said act (19 U.S.C. § 1001, par. 353), as modified by the Torquay protocol to said general agreement, 86 Treas. Dec. 121, T.D. 52739, for the reason that the food juicers are admittedly articles having as an essential feature an electrical element or device?

The case of *United States* v. *Electrolux Corporation*, 46 C.C.P.A. (Customs) 143, C.A.D. 718, dealt with an identical competition of statutory provisions, although the commodity involved in that case was electric floor polishers, whereas here we are concerned with electric food juicers.

In the *Electrolux* case, *supra*, our appellate court, after a studious consideration of the competing statutory provisions and the rules of construction to . be applied thereto, came to the following conclusion :

> We therefore disagree with appellant, on a review of the cases, that there is any imperative in what it chooses to regard as a "firmly established" doctrine of use which requires us to classify electric floor polishers as household utensils in paragraph 339. The rule is no more than an aid to construction and one aspect of the broader rule of relative specificity. Applying the latter rule, it seems to us that the appellee is on sound ground in contending that "household utensils" is a very broad class indeed, aptly describing not only electrical appliances of all kinds but any useful tool, implement, instrument or vessel used in the household. We are of the view that "articles having as an essential feature an electrical element or device," paragraph 353 more closely describes an electric floor polisher and we agree with appellee that the latter provision is more specific because it is less easily satisfied. \* \* \*

The reasoning and holding of the appellate court in the *Electrolux* case, *supra*, apply with equal force and effect in the determination of the proper classification of the electric food juicers presently in issue. Accordingly, we find and hold that said juicers should properly have been classified as articles having as an essential feature an electrical element or device in paragraph 353 of the Tariff Act of 1930, as modified by the Torquay protocol, *supra*, and subjected to duty at the rate of 13¾ per centum ad valorem, as claimed by plaintiffs. The claim in the protests to that effect is, therefore, sustained.

Judgment will issue accordingly.