Opinion by MOLLISON, J.   In accordance with oral stipulation of counsel that the merchandise consists of paper, coated with abrasives, not containing over 0.2 percent of boron, columbium, niobium, molybdenum, tantalum, tungsten, or uranium, or over 0.3 percent of chromium, or over 0.1 percent of vanadium, the claim of the plaintiff was sustained.

**No. 66346.**—Sunwear, Inc. *v.* United States, protest 59/8772 (Boston).

Opinion by MOLLISON, J.   On the record presented, the protest was overruled.

BEFORE THE SECOND DIVISION, JANUARY 9, 1962

**No. 66347.**—Advance Brokers, Ltd., et al. *v.* United States protests 60/22072, etc. (Boston).

Opinion by LAWRENCE, J.   In accordance with stipulation of counsel that the merchandise and issues herein are similar in all material respects to those the subject of *United States* v. *Schmidt Pritchard & Co. et al.* (47 C.C.P.A. 152, C.A.D. 750), the claim of the plantiffs was sustained.

**No. 66348.**—Castelazo & Associates, for a/c Merit Products Co. *v.* United States, protests 303521–K, etc. (Los Angeles).

Opinion by LAWRENCE, J.   In accordance with stipulation of counsel that the merchandise consists of vacuum brush cleaners similar in all material respects to those the subject of *Bruce Duncan Company, a/c Sims-Worms* v. *United States* (45 Cust. Ct. 85, C.D. 2202), the claim of the plaintiff was sustained.

**No. 66349.**—National Silver Co. and China Consolidated Corp. *v.* United States, protests 60/10470 and 60/23727 (Los Angeles).

Opinion by LAWRENCE, J. In accordance with stipulation of counsel that the merchandise consists of vacuum brush cleaners similar in all material respects to those the subject of *Bruce Duncan Company, a/c Sims-Worms* v. *United States* (45 Cust. Ct. 85, C.D. 2202), the claim of the plaintiffs was sustained.

BEFORE THE THIRD DIVISION, JANUARY 9, 1962

**No. 66350.**—W. Kay Company, Inc. *v.* United States, protest 59/33930(1) (New York).

JOHNSON, Judge: The original protest involved in this case covers china or porcelain after-dinner coffee cups and saucers and other cups and saucers, assessed with duty at 10 cents per dozen pieces and 45 per centum or 60 per centum ad valorem under paragraph 212 of the Tariff Act of 1930 or said paragraph, as modified, as vitrified tableware, not containing 25 per centum or more of calcined bone. It is claimed that the merchandise is properly dutiable at 45 per centum ad valorem under said paragraph 212, as modified, as china, porcelain, and other vitrified wares, other than tableware, kitchenware, or hotel and restaurant table and kitchen utensils, not containing 25 per centum or more of calcined bone.

After this case was partially tried, a motion was granted severing the cause of action relating to the assorted after-dinner coffee cups and saucers, listed on the invoice covered by entry No. 69746 as item No. 38/6.

That cause of action is now before us for decision. It was stipulated at the trial that the merchandise covered by said cause of action consisted of assorted after-dinner coffee cups and saucers, depicted on plaintiff's exhibit 1 and listed as item No. 38/6 on the invoice, and that it was the same in all material respects as the merchandise which was the subject of *United States* v. *The Baltimore & Ohio R.R. Co. a/c United China & Glass Company*, 47 C.C.P.A. (Customs) 1, C.A.D. 719. It was also stipulated that the record in said case be incorporated herein. All of the official papers were received in evidence and the case was submitted.

In view of this stipulation and on the authority of the decision cited, we hold that the merchandise described as assorted after-dinner coffee cups and saucers, listed on the invoice covered by entry No. 69746 as item No. 38/6, is properly dutiable at 45 per centum ad valorem under paragraph 212 of the Tariff Act of 1930, as modified by the Protocol of Terms of Accession by Japan to the General Agreement on Tariffs and Trade, T.D. 53865, effective September 10, 1955, T.D. 53877, as decorated chinaware, other than tableware, not containing 25 per centum or more of calcined bone.

The claim relating to the said after-dinner coffee cups and saucers is sustained. Judgment will be rendered accordingly.

**No. 66351.**—United China & Glass Co. et al. *v.* United States, protests 58/10489, etc. (San Francisco).