No. 68673.—John A. Steer Company v. United States, protests 62/5814 and 62/9917 (Philadelphia).

RAO, Judge: The two protests here under consideration, which have been consolidated for purposes of trial, allege error in the assessment of duty upon certain novelty items imported from Japan. The articles in issue are identified as assorted blinker Christmas tree lanterns, or as new Santa Claus lanterns, and were imported without batteries. The collector of customs at the port of entry assessed duty upon this merchandise at the rate of 17 per centum ad valorem, pursuant to the provision in paragraph 339 of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, for household utensils, not specially provided for, wholly or in chief value of steel or other base metal.

Plaintiff contends that said articles are dutiable at the rate of 13¾ per centum ad valorem as articles having as an essential feature an electrical element or device, wholly or in chief value of metal, not specially provided for, within the purview of paragraph 353 of said act, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739.

It was established through the testimony of Philip Greenspan, partner and general manager of plaintiff, that the items in issue—a blinker Christmas tree lantern, received in evidence as plaintiff's exhibit 1, and a so-called Santa Claus lantern, in evidence as plaintiff's exhibit 2—are battery-operated flickering lights, used only during the Christmas holidays as Christmas novelties. They do not afford sufficient light to serve any practical, utilitarian purpose, and are used solely for decorations.

Counsel for the Government conceded that plaintiff's exhibit 2 operates on a battery principle, and if all the elements of the unit were in proper working condition, the Santa Claus would flicker on and off at intervals of several seconds. It was further in effect conceded that electricity is essential for the operation of both articles in issue.

Plaintiff's claim for a favorable decision with respect to the involved items is predicated on the twofold argument that not only does the instant record establish that said articles are not household utensils, since they serve no utilitarian purpose, but that, even if they could be so considered, it is now settled law that household utensils having essential electrical features, other than heating elements, are more specifically provided for in paragraph 353 than in paragraph 339. Cited in support of the first proposition above stated are the cases of *United States* v. *The Friedlaender Co.*, 21 CCPA 103, T.D. 46445; *I. W. Rice & Co.* v. *United States*, 24 CCPA 114, T.D. 48415; *Pramette Juvenile Furniture Company* v. *United States*, 36 CCPA 61, C.A.D. 398; and *Davies, Turner & Company* v. *United States*, 47 CCPA 129, C.A.D. 744. For the second principle, plaintiff refers to the cases of *United States* v. *Electrolux Corporation*, 46 CCPA 143 C.A.D. 718; *Bruce Duncan Company, a/c Sims-Worms* v. *United States*, 45 Cust. Ct. 85, C.D. 2202; and *Seprol, Inc., and Sopac Transport Corp.* v. *United States*, 48 Cust. Ct. 480, Abstract 66856.

Counsel for the Government has elected not to oppose the position taken by the plaintiff with respect to the controlling effect of the *Electrolux, Bruce Duncan,* and *Seprol* cases, *supra,* and, in addition, has invited this court's attention to its decision in the case of *Rotel Corp. of America et al.* v. *United States,* 46 Cust. Ct. 538, Abstract 65798.

In the several cases hereinabove cited, wherein this court has considered the question of the relative specificity of paragraphs 339 and 353, we have followed the rule of *United States* v. *Electrolux Corporation, supra,* to the effect that household articles, such as electrical floor polishers, having an essential electrical feature, are more properly provided for in said paragraph 353, notwithstanding the provisions of paragraph 339 be characterized as a use designation. Accordingly, we held, in *Bruce Duncan Company* v. *United States, supra,* that hand-operated electrical vacuum brushes should be classified in paragraph 353; in *Rotel Corp. of America* v. *United States, supra,* that electrical food juicers fell within the principle of *United States* v. *Electrolux Corporation, supra;* and in *Seprol, Inc., et al.* v. *United States, supra,* that face massagers, operated by electric motors, were articles having as an essential feature an electrical element or device, within the purview of said paragraph 353.

We are of opinion that the cited cases constitute ample authority for sustaining the contention of plaintiff that the instant merchandise is properly dutiable at the rate of 13¾ per centum ad valorem as articles having as an essential feature an electrical element or device, as provided in said paragraph 353, as modified, *supra.* The claim in the protests to that effect is, therefore, sustained.

Judgment will be entered accordingly.