No. 68674.—F. B. Vandegrift & Co., Inc. *v.* United States, protest 62/9923 (Philadelphia).

Rao, Judge: Certain battery-operated mixmasters, assessed with duty at the rate of 17 per centum ad valorem, as household articles, wholly or in chief value of base metal, pursuant to the provisions of paragraph 339 of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, are claimed to be dutiable at only 13¾ per centum ad valorem as articles having as an essential feature an electrical element or device, within the provisions of paragraph 353 of said act, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739.

A sample of the importation was identified by a partner and general manager of the ultimate consignee, who testified that the mixmasters are imported without batteries, but cannot possibly operate until they are equipped with batteries. Then, the pressing of a button will cause the swivel of the item to turn, and it will continue to turn until the button is released.

By virtue of the fact that the mixers at bar depend upon an electrical battery for their operation, and can not function without that electrical element, counsel for plaintiff contends that classification in paragraph 353, as modified, *supra*, is dictated by the settled principles of the cases of *United States* v. *Electrolux Corporation*, 46 CCPA 143, C.A.D. 718; *Bruce Duncan Company, a/c Sims-Worms* v. *United States*, 45 Cust. Ct. 85, C.D. 2202; and *Seprol, Inc., and Sopac Transport Corp.* v. *United States*, 48 Cust. Ct. 480, Abstract 66856, and counsel for the Government virtually concedes that, under the principle of the cited cases, the subject merchandise is properly classifiable as claimed.

In *United States* v. *Electrolux Corporation, supra*, it was held that electrical floor polishers were more specifically provided for in said paragraph 353 as articles having as an essential feature an electrical element or device, than in paragraph 339 of said act as household utensils, notwithstanding the fact that they were chiefly used in the household.

The rule of the *Electrolux* case was followed by this court in *Bruce Duncan Company* v. *United States, supra*, in respect to battery operated hand vacuum brushes; in *Rotel Corp. et al.* v. *United States*, 46 Cust. Ct. 538, Abstract 65798, for the classification of electrical food juicers, chiefly used in the household; and in *Seprol, Inc., et al.* v. *United States, supra*, in connection with an importation of electrically operated face massagers or cosmetic applicators, primarily used in the household.

We are of opinion that the instant merchandise is so substantially similar to the articles involved in the cited cases as to warrant the same conclusion here. The claim for classification of the subject mixers in paragraph 353, as modified, *supra*, as articles having as an essential feature an electrical element or device, with the consequent assessment of duty at the rate of 13¾ per centum ad valorem, is, therefore, sustained. In all other respects, all other claims are overruled.

Judgment will be entered accordingly.