BEFORE THE SECOND DIVISION, DECEMBER 28, 1964

**No. 68974.**—Bloomfield Industries, Inc. *v.* United States, protests 62/10040–12827, etc. (Chicago).

RAO, Judge: The protests enumerated in the schedule of protests, attached to this decision and made a part hereof, have been consolidated for purposes of trial. They relate to an importation of battery powered mixers or swizzle sticks. These items were assessed with duty at the rate of 17 per centum ad valorem, pursuant to the provisions of paragraph 339 of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, for household articles, not specially provided for, wholly or in chief value of base metal.

It is claimed in said protests that these articles are more specifically provided for in paragraph 353 of said act, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739, at the rate of 13¾ per centum ad valorem as articles having as an essential feature an electrical element or device, not specially provided for.

A sample of the importation was received in evidence as plaintiff's exhibit 1. It was identified by the director of purchases for the plaintiff, who testified that these articles, when equipped with batteries, as illustrated by plaintiff's exhibit 2, are used for mixing cocktails, milk, etc. The pressing of a button in the handle creates a circuit which operates a little motor located in the shaft of the article.

The parties have stipulated "that Plaintiff's Exhibit No. 1 is an article chiefly used in the household, and that metal is the component material in chief value, and that the article contains an electrical element as an essential feature."

Based upon the agreed facts and the uncontroverted evidence, counsel for plaintiff urges that the subject merchandise is more specifically provided for in paragraph 353 than in paragraph 339, under the principle laid down in the cases of *United States* v. *Electrolux Corporation*, 46 CCPA 143, C.A.D. 718, and *Bruce Duncan Company, etc.* v. *United States*, 45 Cust. Ct. 85, C.D. 2202.

Counsel for the Government has virtually conceded, that, in view of the established facts, the cited cases are determinative of the issues involved herein.

In *United States* v. *Electrolux Corporation, supra*, it was held that electrical floor polishers were more specifically provided for in said paragraph 353 as articles having as an essential feature an electrical element or device, than in paragraph 339 of said act, as household utensils even though they are chiefly used in the household.

The rule of the *Electrolux* case was followed by this court in *Bruce Duncan Company* v. *United States, supra*, in respect to battery operated vacuum brushes; in *Rotel Corp. of America, et al.* v. *United States*, 46 Cust. Ct. 538, Abstract 65798, for the classification of electrical food juicers, chiefly used in the household; in *Seprol, Inc., et al.* v. *United States*, 48 Cust. Ct. 480, Abstract 66856, in connection with an importation of electrically operated face massagers or cosmetic applicators, primarily used in the household; and in the case of *F. B. Vandegriff & Co., Inc.* v. *United States*, 53 Cust. Ct. 231, Abstract 68674, for merchandise which appears to meet the description of the instant merchandise.

In view of the cited authorities, there can be no question that the instant merchandise is more specifically provided for in paragraph 353, as modified, *supra*, as articles having as an essential feature an electrical element or device, dutiable at the rate of 13¾ per centum ad valorem than in paragraph 339, as modified, *supra*, as household utensils. The claim of the plaintiff to that effect is sustained.

Judgment will be entered accordingly.