(C.D. 2595)

Fabius & Co., Inc.
Daher Company, Inc. } *v.* United States

United States Customs Court, Second Division

(Decided December 6, 1965)

*Allerton deC. Tompkins* for the plaintiffs.

*John W. Douglas,* Assistant Attorney General (*Bernard J. Babb,* trial attorney), for the defendant.

Before RAO and FORD, Judges

RAO, Chief Judge: At the request of the parties hereto, the court consolidated for purpose of trial and decision the two cases enumerated in the annexed schedule "A." Presented for the court's determination is the question of the proper classification for customs duty purposes of certain imported merchandise broadly described in the entry papers as tinplate metal containers. The merchandise was classified as articles, composed in chief value of tinplate in paragraph 397 of the Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739, and duty was imposed thereon at the rate of 12 per centum ad valorem.

Plaintiffs claim, in the alternative, that the merchandise at bar should properly have been classified as hollowware or as household utensils, not specially provided for, composed of tin or tinplate, not containing electrical heating elements, in paragraph 339 of said act, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, for which duty at the rate of 10 per centum ad valorem is provided.

Paragraph 397 of the Tariff Act of 1930, as modified by the Torquay protocol, *supra,* pursuant to which the merchandise was classified, reads in part as follows:

Articles or wares not specially provided for, whether partly or wholly manufactured:

  *     *     *     *     *     *     *

  Composed wholly or in chief value of iron, steel, lead, copper, brass, nickel, pewter, zinc, aluminum, or other base metal, but not plated with platinum, gold, or silver, or colored with gold lacquer:

  *     *     *     *     *     *     *

Articles wholly or in chief value of tin or tin plate (except typewriter spools and except cases and sharpening devices for safety razors) _____ 12% ad val.

Paragraph 339 of the Tariff Act of 1930, as modified by the sixth protocol, *supra*, which plaintiffs contend should govern the classification, contains the following provision:

Table, household, kitchen, and hospital utensils, and hollow or flat ware, not specially provided for, whether or not containing electrical heating elements as constituent parts:

\*          \*          \*          \*          \*          \*          \*

Not plated with platinum, gold, or silver, and not specially provided for, composed wholly or in chief value of—

\*          \*          \*          \*          \*          \*          \*

Tin or tin plate:

\*          \*          \*          \*          \*          \*          \*

Not containing electrical heating elements_____ 10% ad val.

The record upon which the instant case has been submitted for decision includes, *inter alia*, the testimony of Benjamin Greenstein, president of Daher Company, Inc., importer of the merchandise at bar. Greenstein testified that he did most of the purchasing of articles imported by the Daher company. He attested to his familiarity with the items of merchandise in issue and stated that he had seen and sold such items at conventions and trade shows throughout the country, and also to customers who visited his company's offices.

Greenstein identified a total of 18 different articles covered by the two entries of merchandise presently before the court and described the principal use to which said items of merchandise were put. For ready reference, we summarize this portion of the witness' testimony in chart form:

| In evidence as exhibit | Invoice description appearing on invoice accompanying entry 795852 | Principal use |
|---|---|---|
| 1 | Delft cookie jar | Cookie jar |
| 2 | Fantasy cookie jar | Cookie jar |
| 3 | Tiara | A cakebox |
| 4A 4B 4C | Cube assortment | As a tea caddy |
| 5 | DuBarry | Usually used as a candy box, but can be used for anything else |
| 6 | Fiesta | Can be used for nuts, candy, or almost anything. "We don't specify a use for that particular box" |
| 7 | Lady rose | Used as a trinket box for women's hairpins and so forth |

| In evidence as exhibit | Invoice description appearing on invoice accompanying entry 795852 | Principal use |
|---|---|---|
| 8 | Persian gardens | Used either for cakes, writing paper, or a number of other uses a housewife can devise |
| 9 | Rhapsody | Cakebox |
| 10 | Venetian tea caddy | Either as a tea caddy or a candy box |
| 11 | Oriental gardens | A candy box |
| 12 | Mikado chest | Container for tea |
| 13 | Beaded jewel | Cakebox |
| 18 | Old lace | Container for tea, cheese sticks, or anything a housewife wishes to use it for |

| In evidence as exhibit | Invoice description appearing on invoice accompanying entry 796749 | Principal use |
|---|---|---|
| 14 | Six-inch Limoges compote with lid | For candy, nuts, or for decorative use in the home |
| 15 | Regal compote, style 786 | Receptacle for candy or nuts |
| 16 | A picture of the invoice item, described as Famille pattern, a compote with pedestal and copper knob, similar to exhibit 15 | Evidently used for the same purposes as exhibit 15 |
| 17 | Royal fleur compote | For nuts, candy, and cookies. Can also be used as decoration in the home |

Exhibits 1 through 18 have hollow interiors and tightly fitted lids. The exteriors of said exhibits are decorated with a variety of designs in anywhere from 5 to 12 colors which are baked on at a temperature of 650 degrees Fahrenheit. The purpose of the decoration, according to Witness Greenstein, is to enhance the value of the articles and to give them eye appeal to the purchaser.

The witness stated that exhibits 1 through 18 will hold water and that a number of said articles are sold to florists who use them as receptacles for plants or flowers. It was also Greenstein's testimony that packing houses use said articles for packing candy or nuts.

Of the alternative claims pursuant to paragraph 339 of the Tariff Act of 1930, as modified by the sixth protocol, *supra*, upon which plaintiffs rely, we shall consider first the claim for classification as household utensils, not specially provided for. If the record here presented would equally support the classification of the imported containers as household utensils or as hollowware in said paragraph 339, the former classification would prevail following the well-cited rule in customs law that a use provision prevails over a descriptive or an *eo nomine* provision in the absence of a clearly expressed congressional intent to the contrary. *United States* v. *Lansen-Naeve Corp.*, 44 CCPA 31, C.A.D. 632.

For articles to be subject to classification as household utensils in paragraph 339 of the tariff act, there must be evidence to support a finding that said articles are utensils chiefly used by the members of a household either for their personal convenience or comfort or for the care and maintenance of the household. *I. W. Rice & Co.* v. *United States*, 24 CCPA 114, T.D. 48415. There is evidence of record to the effect that the imported articles are used by florists as containers for plants or flowers—a nonhousehold use. To what extent, whether chiefly or only incidentally, the metal containers at bar are so used, the record is silent.

Another prerequisite for classification of articles as household utensils in paragraph 339 is that said articles must be chiefly used for utilitarian purposes. *L. Tobert Co., Inc., American Shipping Co.* v. *United States*, 41 CCPA 161, C.A.D. 544. The record before us discloses that the articles at bar serve a decorative as well as a utilitarian function. In the absence of evidence that the utilitarian function predominates, plaintiffs cannot succeed in their claim for classification of the merchandise within the household utensil provision in paragraph 339.

There remains to be determined whether the items of merchandise in issue come within the provision in paragraph 339 for hollowware. Said provision covers hollowware without qualification or restriction as to use. *W. X. Huber Co.* v. *United States*, 66 Treas. Dec. 759, T.D. 47416. And it is not essential to classification as hollowware that items of merchandise be designed or chiefly used for utilitarian purposes. *Frank P. Dow Co., Inc.* v. *United States*, 21 CCPA 282, T.D. 46816. Nor is proof of chief use as hollowware a *sine qua non* to such classification as in the case of merchandise sought to be classified as household utensils. The *Dow* case, *supra*.

*United States* v. *Ellis Silver Co.*, 16 Ct. Cust. Appls. 570, T.D. 43297, is often adverted to on the matter of classification of articles as hollowware for customs duty purposes. In that case, the appellate court took occasion to say that "the common meaning of the term [hollowware] does not include all articles having hollow interiors, but only such as are in the form of vessels." It then proceeded to set forth the following definition:

Vessel, n. 1. A hollow receptacle of any form or material, but especially one capable of holding a liquid, as a pitcher, bottle, vase, kettle, or cup.—Funk & Wagnalls New Standard Dictionary (1925).

We make reference to the definition which appears in Webster's New International Dictionary, second edition (1958), reading—

vessel, n. 1. A hollow or concave utensil for holding anything; a hollow receptacle of any kind, often circular in form, as a hogshead, barrel, firkin, bottle, kettle, cup, bowl, etc. * * *

The tariff provision for hollowware in paragraph 339 of the tariff act has been held to include such articles as conductors' boxes, miners' pails, and transport milk cans, *G. E. Meissner* v. *United States*, 48 Treas. Dec. 592, T.D. 41269, and aluminum containers for holding medicinal cigarettes, *W. X. Huber Co.* v. *United States*, 66 Treas. Dec. 759, T.D. 47416, and *Id.* v. *Id.*, 71 Treas. Dec. 789, T.D. 48973.

From the testimony of record and an examination of the various exhibits in evidence, which plaintiffs correctly characterize as potent witnesses, citing *Marshall Field & Co.* v. *United States*, 20 CCPA 225, T.D. 46037, and following the judicial precedents above set forth, we are of the opinion that the merchandise in controversy is properly subject to classification as hollowware in paragraph 339 of the Tariff Act of 1930, as modified, *supra*.

The tinplate metal containers at bar like the articles in the *Meissner* and *Huber* cases, *supra*, are hollow containers or receptacles and their prime function is for holding cookies, cake, candy, nuts, tea trinkets, writing paper, and other commodities. They, therefore, come within the common meaning of the term "hollowware," inasmuch as they are hollow receptacles and are in the form of vessels as that latter expression has been broadly construed.

The argument presented by defendant in its brief that some purchasers of the instant merchandise are packaging concerns which buy the articles in issue to package candy, nuts, and so forth, does not deter us from the conclusion herein reached, inasmuch as the classification of merchandise for dutiable purposes is predicated upon the condition of said merchandise at the time of importation. *United States* v. *Baker Perkins, Inc., R. F. Downing Co., Inc.*, 46 CCPA 128, C.A.D. 714. And at that time the instant articles, imported empty, were not the containers, either usual or unusual, of any particular commodity, but were in themselves articles of commerce and, as such, subject to customs duty.

Cases not referred to herein but cited in briefs of the parties have been given due consideration in arriving at the conclusion reached in this decision.

For the reasons set forth above, the court holds that the tinplate metal containers in controversy should properly have been classified as hollowware in paragraph 339 of the Tariff Act of 1930, as modified by the sixth protocol, *supra*, and subjected to duty at the rate of 10 per centum ad valorem. That claim in the protests is, therefore, sustained. All other claims are overruled.

Judgment will be entered accordingly.

## SCHEDULE "A" AND SCHEDULE OF PROTESTS

| Protest | Plaintiff | Entry | Invoice description appearing on invoice accompanying entry |
|---|---|---|---|
| 61/21766–9251–61 | Fabius & Co., Inc. | 796749 | Six-inch Limoges compote with lid<br>Regal compote, style 786<br>Famille pattern, with pedestal and copper knob<br>Royal fleur compote |
| 62/14022–19825–61 | Daher Company, Inc. | 795852 | Delft cookie jar<br>Fantasy cookie jar<br>Tiara<br>Cube assortment<br>DuBarry<br>Fiesta<br>Lady rose<br>Persian gardens<br>Rhapsody<br>Venetian tea caddy<br>Oriental gardens<br>Mikado chest<br>Beaded jewel<br>Old lace |