(C.D. 2842)

DAHER COMPANY, INC. *v*. UNITED STATES

United States Customs Court, Second Division

(Decided December 7, 1966)

*Allerton deC. Tompkins* for the plaintiff.
*Barefoot Sanders*, Assistant Attorney General, for the defendant.

Before RAO and FORD, Judges

RAO, Chief Judge: The protests enumerated in the schedule, attached to and made a part of the decision herein, controvert the classification by the collector of customs of certain tinplate metal containers as articles or wares, not specially provided for, composed wholly or in chief value of tinplate, in paragraph 397 of the Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739, or by Presidential Proclamation No. 3468, 97 Treas. Dec. 157, T.D. 55615, supplemented by Presidential Proclamation No. 3479, 97 Treas. Dec. 430, T.D. 55649, and the assessment of duty thereon at the rate of 12 per centum or 11 per centum ad valorem, depending upon the date of entry.

It is the contention of plaintiff herein that said merchandise should properly have been classified as hollowware, not specially provided for, composed wholly or in chief value of tin or tinplate, and not con-

taining electrical heating elements, in paragraph 339 of said act, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, or by Presidential Proclamation No. 3468, *supra*, and subjected to duty at the rate of 10 per centum or 9 per centum ad valorem, according to the date of entry.

By stipulation of the parties hereto it has been agreed that the items of merchandise, marked "A" and initialed "VP" by Examiner V. Phipps on the invoices accompanying the entries covered by said protests, consist of containers of tinplate, not plated with platinum, gold, or silver, and not containing electrical heating elements, the same in all material respects as the merchandise the subject of *Fabius & Co., Inc., Daher Company, Inc.* v. *United States*, 55 Cust. Ct. 305, C.D. 2595, the record in which case has been incorporated herein.

Upon the agreed facts of record and following the cited authority, we hold that the merchandise in issue should properly have been classified as hollowware, not specially provided for, composed wholly or in chief value of tin or tinplate, and not containing electrical heating elements, in paragraph 339 of the Tariff Act of 1930, as modified by the sixth protocol and Presidential proclamation, *supra*, and subjected to duty at the rate of 10 per centum or 9 per centum ad valorem, depending upon the date of entry. That claim in the protests is, therefore, sustained. As to all other merchandise and all other claims, the protests are overruled.

Judgment will be entered accordingly.