(C.D. 2906)

SOUTHWESTERN ELECTRIC COMPANY *v.* UNITED STATES

---

135

United States Customs Court, Second Division

(Decided March 1, 1967)

*Glad & Tuttle* (*Robert Glenn White* of counsel) for the plaintiff.
*Barefoot Sanders*, Assistant Attorney General (*Sheila N. Ziff*, trial attorney), for the defendant.

Before RAO and FORD, Judges

RAO, Chief Judge: The merchandise involved in these protests, which have been consolidated for trial, consists of battery-operated night lamps, imported with batteries enclosed, with one light bulb and three different colored globes. The items were classified, as an entirety, as household utensils, wholly or in chief value of other base metal, under paragraph 339 of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, and assessed with duty at the rate of 17 per centum ad valorem.

Plaintiff claims that these articles are properly classifiable, as entireties, within the provisions of paragraph 353 of the Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739, as articles having as an essential feature an electrical element or device, wholly or in chief value of metal, and consequently dutiable at the rate of 13¾ per centum ad valorem.

The relevant statutory provisions read as follows:

Paragraph 339 of the Tariff Act of 1930, as modified, *supra:*

Table, household, kitchen, and hospital utensils, * * * not specially provided for, whether or not containing electrical heating elements as constituent parts:

\* \* \* \* \* \* \*

Not plated with platinum, gold, or silver, and not specially provided for, composed wholly or in chief value of—

\* \* \* \* \* \* \*

Other base metal:

\* \* \* \* \* \* \*

Other_____ 17% ad val.

Paragraph 353 of the Tariff Act of 1930, as modified, *supra:*

Articles having as an essential feature an electrical element or device, such as electric motors, fans, locomotives, portable tools, furnaces, heaters, ovens, ranges, washing machines, refrigerators, and signs, finished or unfinished, wholly or in chief value of metal, and not specially provided for:

\* \* \* \* \* \* \*

Other (except the following: * * * flashlights; * * *)_____ 13¾% ad val.

Paragraph 397 of the Tariff Act of 1930, as modified by the sixth protocol, *supra:*

Articles or wares not specially provided for, whether partly or wholly manufactured:

\* \* \* \* \* \* \*

Composed wholly or in chief value of iron, steel, copper, brass, nickel, pewter, zinc, aluminum, or other base metal (except lead), but not plated with platinum, gold, or silver, or colored with gold lacquer:

\* \* \* \* \* \* \*

Not wholly or in chief value of tin or tin plate: * * * illuminating articles_____ 19% ad val.

\* \* \* \* \* \* \*

Other, composed wholly or in chief value of iron, steel, brass, bronze, zinc, or aluminum * * *_____ 19% ad val.

A sample of the merchandise in question, together with a printed sheet describing its operation, was introduced in evidence as plaintiff's exhibit 1. The merchandise is a battery-operated night lamp shaped like the legendary lamp of Aladdin and designed to light when lifted and switch off automatically when set down.

No other evidence was offered by either party. Counsel did, however, stipulate that the subject of these protests consists of portable

battery-operated night lamps imported with the batteries enclosed, with one bulb and three colored globes, and that the sample offered in evidence is representative of the merchandise as imported. Although the parties requested time for filing briefs subsequent to trial, counsel for defendant has since asked to be relieved of that task predicated on the record herein and the principles involved in the cases of *United States* v. *Electrolux Corporation*, 46 CCPA 143, C.A.D. 718, and *John A. Steer Company* v. *United States*, 53 Cust. Ct. 229, Abstract 68673.

It is indeed settled law that paragraph 353 can exert a stronger claim on articles having as an essential feature an electrical element or device than paragraph 339 even though such articles may be chiefly used in the household. The cited cases are authority for this proposition. Moreover, that it was in the contemplation of Congress that articles used in the household could be classified outside paragraph 339 is indicated by a "not specially provided for" clause appended to the latter paragraph and also by the specific exemplary enumeration in paragraph 353 of certain articles having a potential chief use in the household, such as electric ranges and washing machines.

The courts have, in addition, found that certain small, portable and comparatively light electric lamps, such as flashlights, are properly classifiable under paragraph 353, *Biddle Purchasing Co.* v. *United States*, 50 CCPA 71, C.A.D. 823. Such a classification was taken for granted in *Remington Rand Div. of Sperry Rand Corp.* v. *United States*, 51 CCPA 57, C.A.D. 837, in which the question was whether or not a rechargeable flashlight was excluded from the benefit of a modification of paragraph 353.

In light of the above developments, we would have no hesitation in summarily concluding that the instant merchandise is more specifically provided for in paragraph 353 of the Tariff Act of 1930. However, owing to certain circumstances occurring in the legislative history of paragraph 397 of the Tariff Act of 1930, that paragraph must be given consideration when the classification of imported articles described as "lamps" is in issue.

Initially, H.R. 2667, which became the Tariff Act of 1930, included in the version passed by the House of Representatives, a proposed paragraph 387 governing "Illuminating or lighting fixtures, lamps, lamp bases, candelabra and candlesticks, * * *." As a result of changes wrought in the bill by the Senate, the provision for lighting fixtures in proposed paragraph 387 was eliminated with the stated intent of making them dutiable in the paragraph which is now numbered 397 in the Tariff Act of 1930. In addition, the report of the Senate Committee on Finance explicitly stated that the lighting fixtures listed in the proposed paragraph 387 were not to be included in paragraph 353.

As a result of the above indications of legislative intent set out in more detail in *National Carloading Corp.* v. *United States*, 44 CCPA 77, C.A.D. 640, and *Biddle Purchasing Co.* v. *United States, supra*, it is clear that some electrical illuminating articles are to be classified in 397 even though paragraph 353 seems to be more specific on its face. We must, therefore, give consideration to whether the instant night lamp is properly classifiable under paragraph 397.

The analysis of paragraph 397 found in *Biddle Purchasing Co.* v. *United States, supra*, is helpful in this connection. In that case, the court overruled a claim that imported flashlights were properly classifiable under paragraph 397 and upheld their classification within paragraph 353. The court first explained that flashlights could not be considered "fixtures" and thus were not included in "Illuminating or lighting fixtures * * *." Nor, indeed, could they be considered "candelabra and candlesticks." Finally, the court explained that, even if "lamps" could be broadly defined to include flashlights, it was not the intent of Congress to provide that portable lamps of that type should be so designated. The juxtaposition of "lamps" and "lamp bases" suggests that the illuminating devices being considered by Congress were of a rather fixed and permanent nature. In addition, the court found that the testimony before the appropriate committees of the House and Senate indicated that the legislators were concerned with "cast iron and brass chandeliers, wall brackets, street lights, and residential lighting fixtures, etc." The term "lamp" was thus intended to cover articles which were *ejusdem generis* with illuminating and lighting fixtures. See also *National Carloading Corp.* v. *United States, supra*.

The above analysis, serving to exclude flashlights from paragraph 397, suggests that the instant battery-operated night lamps should be similarly excluded. The instant lamps, like flashlights, are not fixtures. In fact, they are specifically designed to light up while being carried and shut off when set down. They entirely lack the quality of relatively immobile functioning which seems to distinguish the illuminating fixtures which fall within the purview of paragraph 397 from those which are provided for in paragraph 353.

Like flashlights, the instant night lamps are properly classifiable within paragraph 353 as articles having as an essential feature an electrical element or device. However, although they have the quality of portability found in flashlights, they are not in fact flashlights and consequently are entitled to the benefit of the reduction in rate found in the Torquay protocol, *supra*. They do not direct a beam of light at the object to be seen, nor do they otherwise conform to what are commonly called "flashlights."

In sum, in terms of relative specificity, legislative intent, and legal precedent, the instant night lamps are properly classifiable within the purview of paragraph 353 rather than that of paragraph 339 or 397 and, therefore, subject to duty at the rate of 13¾ per centum ad valorem.

Before concluding, we are constrained to observe that the night lamps with their batteries are not entireties as assessed but rather separate articles which should have been separately assessed. The batteries retain their separate identities and do not merge into an article having a new name, character, and use. Thus, like the batteries imported together with radios in *United Merchandising Corp. et al.* v. *United States*, 48 Cust. Ct. 50, C.D. 2313, and the batteries imported together with flashlights in *Torch Mfg. Co., Inc.* v. *United States*, 57 Cust. Ct. 521, C.D. 2863, the instant batteries, imported together with the instant night lamps, do not constitute entireties. See also: *Silvine Importers, Inc.* v. *United States*, 57 Cust. Ct. 362, C.D. 2821.

Since the appraisement of the instant importation was made on the assumption that it was an entirety, no separate values were returned for the night lamps and batteries. Accordingly, the appraisements herein were invalid, the liquidation of the entries a nullity, and the protests premature. We therefore dismiss the protests in accordance with the provisions of 28 U.S.C., section 2636(d), and remand the matter to a single judge to determine the proper dutiable values of the night lamps and batteries in the manner prescribed by law.

Judgment will be entered accordingly.