BEFORE THE SECOND DIVISION, APRIL 3, 1967

**No. P67/91.**—Duffco International Corporation et al. *v.* United States, protests 64/2475, etc. (New York).

RAO, C. J. In accordance with stipulation of counsel that the merchandise covered by the foregoing protests consists of electric food juicers or separators and parts and electric coffee grinders similar in all material respects to those the subject of *Rotel Corp. of America et al.* v. *United States* (46 Cust. Ct. 538, Abstract 65798), or vacuum cleaners similar in all material respects to those the subject of *Bruce Duncan Company, a/c Sims-Worms* v. *United States* (45 Cust. Ct. 85, C.D. 2202), the claim of the plaintiffs was sustained.

**No. P67/92.**—L. Batlin & Son, Inc. *v.* United States, protest 65/20039 (New York).

RAO, C. J. In accordance with stipulation of counsel that the merchandise covered by the foregoing protest consists of household utensils (battery-operated mixers) similar in all material respects to those the subject of *F. B. Vandegrift & Co., Inc.* v. *United States* (53 Cust. Ct. 231, Abstract 68674), the claim of the plaintiff was sustained.

**No. P67/93.**—Daher Co., Inc. *v.* United States, protests 66/1973, etc. (New York).

RAO, C. J. In accordance with stipulation of counsel that the merchandise covered by the foregoing protests consists of containers of tinplate, not plated with platinum, gold, or silver, and not containing electrical heating elements, similar in all material respects to those the subject of *Fabius & Co., Inc.,* and *Daher Company, Inc.* v. *United States* (55 Cust. Ct. 305, C.D. 2595), the claim of the plaintiff was sustained.