**No. P67/256.**—Dan Brechner & Co. *v.* United States, protest 66/65990 (New York).

OLIVER, J.   In accordance with stipulation of counsel that the merchandise covered by the foregoing protest consists of blown glass paperweights similar in all material respects to those the subject of *Ace Importing Co., Inc.* v. *United States* (44 Cust. Ct. 468, Abstract 64185), the claim of the plaintiff was sustained.

BEFORE THE SECOND DIVISION, AUGUST 1, 1967

**No. P67/257.**—Chadwick-Miller Importers, Inc. *v.* United States, protest 62/18542 (Boston).

RAO, C. J.   In accordance with stipulation of counsel that the merchandise covered by the foregoing protest consists of battery-operated manicure sets; that said merchandise contains as an essential feature an electrical element or device without which said articles would not operate, and does not contain an electrical heating element; and that the principles involved are the same as those in *Bruce Duncan Company, a/c Sims-Worms* v. *United States* (45 Cust. Ct. 85, C.D. 2202), the claim of the plaintiff was sustained.

BEFORE THE THIRD DIVISION, AUGUST 1, 1967

**No. P67/258.**—B. Westergaard & Co., Inc. *v.* United States, protest 66/5460 (New York).

RICHARDSON, J.   In accordance with stipulation of counsel that the merchandise covered by the foregoing protest consists of bread similar in all material respects to that the subject of *United States* v. *Nordic Baking & Importing Co., Inc.* (47 CCPA 78, C.A.D. 733), the claim of the plaintiff was sustained.