BEFORE THE SECOND DIVISION, SEPTEMBER 14, 1967

**No. P67/306.**—John A. Steer Company *v.* United States, protests 62/5933 and 63/7006 (Philadelphia).

RAO, C. J.   In accordance with stipulation of counsel that the merchandise covered by the foregoing protests consists of coordinatographs or parts, dedicated for use therewith, in chief value of metal, similar in all material respects to those the subject of *John A. Steer Company* v. *United States* (53 CCPA 67, C.A.D. 879), the claim of the plaintiff was sustained.

**No. P67/307.**—The Daher Company, Inc. *v.* United States, protests 65/7560 and 65/12586 (New York).

RAO, C. J.   In accordance with stipulation of counsel that the merchandise covered by the foregoing protests consists of containers of tinplate, not plated with platinum, gold, or silver, and not containing electrical heating elements, similar in all material respects to those the subject of *Fabius & Co., Inc.*, and *Daher Company, Inc.* v. *United States* (55 Cust. Ct. 305, C.D. 2595), the claim of the plaintiff was sustained.

BEFORE THE THIRD DIVISION, SEPTEMBER 19, 1967

**No. P67/308.**—Bloomingdale Bros. (a div. of Fed. Dept. Stores, Inc.) *v.* United States, protest 66/47145 (New York).

LANDIS, J.   In accordance with stipulation of counsel that the merchandise covered by the foregoing protest consists of earthenware similar in all material respects to that the subject of *Justin Tharaud & Son, Inc.*, and *J. J. Murphey & Co.* v. *United States* (44 Cust. Ct. 216, C.D. 2177) and *United States* v. *M. & D. Miller, Inc.* (41 CCPA 226, C.A.D. 556), the claim of the plaintiff was sustained.