**No. P68/154.**—Daher Company (Holland Box Div.) *v.* United States, protest 67/11907 (New York).

BECKWORTH, J.  In accordance with stipulation of counsel that the merchandise covered by the foregoing protest consists of containers of tinplate, not plated with platinum, gold, or silver, and not containing electrical heating elements, similar in all material respects to those the subject of *Fabius & Co., Inc.*, and *Daher Company, Inc.* v. *United States* (55 Cust. Ct. 305, C.D. 2595), the claim of the plaintiff was sustained.

**No. P68/155.**—I. B. Cohen & Sons Corp. and Illfelder Importing Co., Inc. *v.* United States, protests 61/18370 and 59/33292 (New York).

**No. P68/156.**—Isaac B. Cohen & Sons Corp. *v.* United States, protest 65/23631 (New York).

BECKWORTH, J.  In accordance with stipulation of counsel that the merchandise covered by the foregoing protests consists of so-called "miniature hunting knives" similar in all material respects to those the subject of *M. Pressner & Co.* v. *United States* (56 Cust. Ct. 489, C.D. 2686), the claim of the plaintiffs was sustained.

**No. P68/157.**—Franklin Lock & Pulley Mfg. Corp. *v.* United States, protest 66/48834 (New York).

LANDIS, J.  In accordance with stipulation of counsel that the items of merchandise covered by the foregoing protest are of plate or disc tumbler construction similar in all material respects to those the subject of *Shriro Trading Corp.* v. *United States* (56 Cust. Ct. 422, C.D. 2669), wherein the court found that such locks should not be classified as locks of pin tumbler or cylinder construction, the claim of the plaintiff was sustained.