(C. D. 563)

KARAVAN TRADING CORP. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided December 4, 1941)

*Strauss & Hedges; Barnes, Richardson & Colburn* (*Eugene J. Blauvelt* of counsel), for the plaintiff.

*Paul P. Rao*, Assistant Attorney General (*Richard E. FitzGibbon*, special attorney), for the defendant.

Before TILSON, KINCHELOE, and DALLINGER, Judges

DALLINGER, Judge: This is a suit against the United States, arising at the port of New York, brought to recover certain customs duties alleged to have been improperly exacted on a particular importation of bells. Duty was levied thereon at the rate of 50 per centum ad valorem under paragraph 364 of the Tariff Act of 1930 which reads as follows:

PAR. 364: Bells (except church and similar bells and carillons), finished or unfinished, and parts thereof, 50 per centum ad valorem.

It is claimed that the imported bells are properly dutiable at the rate of 40 per centum ad valorem under paragraph 339 of said act which reads as follows:

PAR. 339. Table, household, kitchen, and hospital utensils, and hollow or flat ware, not specially provided for: Plated with platinum or gold, 65 per centum ad valorem; plated with silver, 50 per centum ad valorem; composed of iron or steel and enameled or glazed with vitreous glasses, 5 cents per pound and 30 per centum ad valorem; composed wholly or in chief value of aluminum, 8½ cents per pound and 40 per centum ad valorem; composed wholly or in chief value of copper, brass, steel, or other base metal, not plated with platinum, gold, or silver, and not specially provided for, 40 per centum ad valorem; the foregoing rates shall apply to the foregoing articles whether or not containing electrical heating elements as constituent parts thereof.

There was also imposed on the imported bells a tax at the rate of 3 cents per pound under section 601 (c) (7) of the Revenue Act of 1932 as articles composed in chief value of copper. The correctness of this copper tax is not challenged by the plaintiff herein.

At the hearing, held at New York on April 14, 1941, samples of the imported bells were admitted in evidence herein as exhibits 1 and 2. In addition, the plaintiff-corporation called as a witness Theodore M. Gellert, its vice president, who, after identifying the samples, testified that he knew of no other use for said bells than on the table or elsewhere in the home as call bells.

While we are satisfied from the testimony of the plaintiff's witness, and from an examination of said exhibits 1 and 2, that said bells are chiefly used in the household, and as such may be considered as household utensils within the meaning of said paragraph 339, nevertheless, we may not ignore the specific provision for bells in

said paragraph 364. This is particularly true since said provision is not restricted or qualified by the words "not specially provided for" as are the provisions of paragraph 339. It would therefore seem to follow as a matter of law that the bell provision in paragraph 364 is the more specific for the imported bells.

This conclusion seems inevitable in view of the only exception made in said paragraph 364, to wit "church and similar bells and carillons." Such exception makes here applicable the well-known rule *expressio unius est exclusio alterius.* It seems clear that the excepted bells were the only ones which the Congress excluded from the scope of paragraph 364.

In *United States* v. *Field & Co.*, 7 Ct. Cust. Appls. 430, T. D. 36985, .the appellate court had before it for construction the provision in paragraph 349 of the Tariff Act of 1913 for "Fans of all kinds, except common palm-leaf fans." The merchandise there involved consisted of certain embroidered fans composed in chief value of silk. Duty was levied thereon at the rate of 60 per centum ad valorem under the provision in paragraph 358 of the 1913 act for "articles  *  *  * embroidered in any manner  *  *  * by whatever name known." It was claimed that said articles were properly dutiable at the rate of 50 per centum ad valorem under said paragraph 349. The decision of this court (then the Board of General Appraisers) sustained the claim of the plaintiff, and in affirming the conclusion of this court the appellate court said:

There is no question of fact involved in the present case. The sole issue is one of legal construction, to wit, whether under the tariff act of 1913 embroidered silk fans are dutiable under the foregoing provision for "fans of all kinds, except common palm-leaf fans," or under the provision for "articles  *  *  * embroidered in any manner  *  *  * by whatever name known." The merchandise undoubtedly answers to either one of the two enumerations in question; it becomes necessary therefore to determine which one of the competing provisions shall govern in the premises.

The first provision above quoted contains the enumeration of "fans of all kinds," and thereupon qualifies this by excepting therefrom "common palm-leaf fans." The frequent tariff phrase "not specifically provided for" is wholly omitted from the paragraph in question. The enumeration of "fans of all kinds" is itself absolutely comprehensive in terms, and, as was said by this court in the Harper case, *infra*, it "naturally suggests every imported fan, regardless of component material or condition." This comprehensive classification is, however, expressly modified by the phrase "except common palm-leaf fans." The exception thus incorporated within the terms of the enumeration itself leads to the conclusion that at the time of the enactment in question the Congress gave consideration to the general subject of exceptions to the foregoing classification and expressly prescribed but a single exception thereto. The presence in the paragraph of an express exception to the classification conduces to the belief that no other exception thereto was intended by the legislature. The enumeration in question therefore is an *eo nomine* one; it is emphatically comprehensive in its terms; it does not contain an n. s. p. f. clause; and it contains a single express exception which

may be assumed to have exhausted the legislative intention upon that subject. It may also be noted that the present merchandise, to wit, silk embroidered fans, is one of the best known kinds or species of the class of "fans of all kinds" thus provided for.

Moreover, to ignore the presence in said paragraph 339 of the words "not specially provided for" would do violence to certain specific and *eo nomine* provisions in other paragraphs of the act besides paragraph 364. For example, paragraph 343 covers needles and paragraph 350 covers pins, also paragraph 368 covers clocks. Such articles may well be household utensils inasmuch as they may be used chiefly in the home. But no one would seriously contend that it was the congressional purpose to exclude them from their specific provisions and make them dutiable under paragraph 339 as household utensils.

Counsel for the plaintiff in their brief filed herein apparently rely upon the decision in *Frank P. Dow Co.* v. *United States*, 21 C. C. P. A. 282, T. D. 46816, in which certain vacuum cleaners were held to be household utensils under paragraph 339 of the Tariff Act of 1922 rather than machines not specially provided for under paragraph 372 of said act. But in that case both of said paragraphs contained the words "not specially provided for" one provision thereby canceling the other.

If, as suggested by counsel for the Government in his admirable brief filed herein, instead of vacuum cleaners the involved merchandise in the *Dow* case, *supra*, consisted of sewing machines, there is no doubt that the court would have held the *eo nomine* provision for sewing machines in said paragraph 372 to be more specific than the one in paragraph 339 covering household utensils.

The term "household utensils" by its very nature must necessarily embrace many articles which may be provided for in different paragraphs of the tariff act. To exclude such articles from their *eo nomine* provisions merely because of their use in the home would defeat the legislative purpose in enacting the paragraphs. Obviously, it was to insure against such judicial conclusion that the words "not specially provided for" were incorporated in the present paragraph 339.

Upon the established facts and the law applicable thereto we hold the bells constituting the imported merchandise at bar to be properly dutiable at the rate of 50 per centum ad valorem under the *eo nomine* provision therefor in paragraph 364 of the Tariff Act of 1930, as classified by the collector. All claims of the plaintiff are therefore overruled and the decision of the collector is affirmed. Judgment will be rendered accordingly.