BEFORE THE SECOND DIVISION, MAY 2, 1960

No. 64135.—S. S. Sarna, Inc. v. United States, protests 278594–K, 278595–K, 285358–K, and 289426–K (New York).

OLIVER, Chief Judge: These protests have been limited to four items, identified herein as follows:

| Entry No. | Item | Invoice description | Exhibit No. |
|-----------|------|---------------------|-------------|
| 12364 | M–78 | Large Door knocker Colored | 1 |
| 12364 | 230–A | Bell Bottle Openers Eng | 2 |
| 77366 | 218–N | Candle holders Nokdar | 3 |
| 59805 | 181 | brass bell brackets elephant design | 4 |

In classifying the bottle opener (plaintiff's exhibit 2) and the candleholder (plaintiff's exhibit 3), the collector regarded each of those items as consisting

of two separate entities, i.e., a household utensil composed of brass, dutiable at 15 per centum ad valorem under paragraph 339 of the Tariff Act of 1930, as modified, and a bell, dutiable at the rate of 25 per centum ad valorem under paragraph 364 of the Tariff Act of 1930, as modified. They were so classified.

The door knocker (plaintiff's exhibit 1) and the bracket (elephant design) (plaintiff's exhibit 4) were assessed with duty at the rate of 22½ per centum ad valorem under paragraph 397 of the Tariff Act of 1930, as modified, as articles, not specially provided for, composed wholly or in chief value of brass, and not plated with platinum, gold, or silver, or colored with gold lacquer.

Plaintiff claims that all of the items in question are properly classifiable under the provision for household utensils, composed wholly or in chief value of brass, in paragraph 339, as modified, carrying a dutiable assessment of 15 per centum ad valorem.

It has been agreed between the parties that the merchandise in question is "wholly or in chief value of brass." (R. 9.)

One witness testified. He was the president of the plaintiff corporation, which is known by the trade name, "Bells of Sarnabrass." (R. 5.) Plaintiff's business is the importation of wooden articles from Indonesia and brass articles from India. The witness stated that he designed the articles in question and arranged for their production. Explaining his duties as president of the plaintiff corporation, the witness stated that he travels all over the United States, selling at wholesale to department stores, flower shops, and gift shops, merchandise imported by plaintiff, including the items under consideration. With respect to the use of the present merchandise, the witness testified that he had seen all of the articles in question used in homes throughout the United States.

Referring to the bottle opener with bell (exhibit 2, *supra*), the witness testified that it is a novelty, that it is always used as a bottle opener and never as a bell, and that the bell is useless, because as you hold the article and use pressure to open the bottle, the clapper falls and deadens any sound.

The witness' testimony concerning the use of the candleholder with bell (exhibit 3, *supra*) appears in the record as follows:

Q. Directing yourself to Plaintiff's Exhibit 3, the bell candle holder, from your experience and knowledge in your travels throughout the United States, have you ever seen that used?—A. Yes.

Q. Continue.—A. Yes, I have seen it in various homes where they use it as a candle holder. It is not used as a bell because there is a candle on it. They can't ring it. That is not the object. * * * So, it is just sold for the utilitarian purpose of holding a candle.

The testimony relating to the brass bracket (elephant design), exhibit 4, *supra*, is that the article is used in homes to hang clothes or "for bell strikes." (R. 18.)

Plaintiff's uncontradicted evidence—oral testimony coupled with the samples of the merchandise—is sufficient to establish, *prima facie*, at least, that the three articles, hereinabove discussed, serve a utilitarian purpose and are chiefly used either in the maintenance and care of the home, or in the household by the members thereof collectively for their convenience and comfort. They are, therefore, household utensils within the judicial interpretation of that term, as enunciated by the Court of Customs and Patent Appeals in *I. W. Rice & Co.* v. *United States*, 24 C.C.P.A. (Customs) 114, T.D. 48415, and *Pramette Juvenille Furniture Company* v. *United States*, 36 C.C.P.A. (Customs) 61, C.A.D. 398.

To support the collector's classification of the bottle opener and the candleholder (exhibits 2 and 3, *supra*), Government counsel, in their brief, cite the

cases of *Karavan Trading Corp.* v. *United States*, 7 Cust. Ct. 178, C.D. 563, and *United States* v. *F. W. Woolworth Co.*, 23 C.C.P.A. (Customs) 365, T.D. 48212. Neither of the cited cases can be applied herein.

In the *Karavan Trading Corp.* case, the merchandise consisted of certain bells, which the court found to be household utensils, chiefly used in the home as call bells. In rejecting classification thereof under the provision for "household utensils" and holding them to be properly classifiable within the specific provision for bells, this court stated as follows:

> While we are satisfied from the testimony of the plaintiff's witness, and from an examination of said exhibits 1 and 2, that said bells are chiefly used in the household, and as such may be considered as household utensils within the meaning of said paragraph 339, nevertheless, we may not ignore the specific provision for bells in said paragraph 364. This is particularly true since said provision is not restricted or qualified by the words "not specially provided for" as are the provisions of paragraph 339. It would therefore seem to follow as a matter of law that the bell provision in paragraph 364 is the more specific for the imported bells.

The reasoning employed in the foregoing quotation has no application herein. In this case, the articles in question are basically a bottle opener and a candleholder which, it should be emphasized, the collector recognized to be household utensils.

The *F. W. Woolworth Co.* case, *supra*, involved certain short, mechanical pencils attached by chain to small, silver-finished metal animal figures. The pencils were classified under the *co nomine* provision therefor, and the metal figures and chains were classified as silver-plated articles. The appellate court stated that the question of entireties was not a subject for decision, and that the situation was the same as though the animal figures and chains were imported without the attached pencils. Based upon a finding that the figures and chains were chiefly used in the home as articles of comfort and convenience for the members thereof, they were held to be classifiable as household utensils. In this case, neither the bottle opener with bell nor the candleholder with bell—the two items under discussion—are capable of separation or division into two parts. Both were produced as complete entities. While it is true that the bottom of each of them is bell-shaped, with a clapper fitted inside to make a bell, the completed articles are not the result of an assembly of two separate and distinct units. On the contrary, both have been cast as finished articles. They are entireties. On the basis of the present record, each is classifiable as a household utensil, as claimed by plaintiff.

Arguing in favor of the collector's classification of the bell bracket (exhibit 4, *supra*), defendant contends that the article is a fixture and, as such, is part of the realty and, therefore, is not a household utensil. The case of *John L. Westland & Son, Inc.* v. *United States*, 35 Cust. Ct. 292, Abstract 59419, is cited to support the contention. In that case, the merchandise consisted of certain metal sink strainers that were "chiefly used in the drains of household kitchen sinks by being placed in the open portion thereof and there serving as a strainer and/or as a stopper." In excluding the merchandise from classification as household utensils, this court stated as follows:

> It seems clear to us that the articles at bar, although in the very broad sense responding to the denomination "utensils," are not such as are provided for as "household utensils" within the purview of said paragraph 339. Those household utensils to which the provision in question refers are articles which possess an individual and independent usefulness as separate entities, whether or not permanently attached to the premises. On the other hand, articles which can not function independently, but become useful only when attached to other fixtures or devices, are not encompassed by the statutory provision for "household utensils." * * *

In this case, the brass bracket of elephant design under consideration possesses "an individual and independent usefulness" as a separate entity, the *Westland* case, *supra*, and is used for a specific purpose, contributing either to the maintenance and care of the home, or the convenience or comfort of the members of the household. It is a household utensil in the tariff sense of the term. Its classification is not to be controlled by conclusions relating to sink strainers that are parts of sinks, which are admittedly house fixtures and part of the realty.

For all of the reasons hereinabove set forth, we hold the bottle opener, the candleholder, and the brass bracket, heretofore identified, to be dutiable at the rate of 15 per centum ad valorem under paragraph 339 of the Tariff Act of 1930, as modified, as household utensils, composed of brass, as claimed by plaintiff.

We turn now to a consideration of the item identified as "Large Door knocker Colored," consisting of a metal door knocker of ornamental pattern with a small bell securely riveted thereto (exhibit 1, *supra*). Describing the use of the article, the witness testified as follows:

This is actually a door knocker like any other one that is sold except I thought it would be very interesting to have a new item, so we added a little bell to the door knocker.

It has a screw which goes over here and here. It's very easy to install and screw on any door. When you want to knock it, it is just a throw motion holding the bell portion. It is not a bell that they will hear inside the house since it will not ring. It is really the knock that they will hear. They don't use it as a bell.

The witness stated, further, that the bell serves as a handle for the door knocker making it easier to manipulate, and that there is no sound when the door knocker is so used.

Door knockers were among the items that were the subject of classification by this court in *American Import Co. et al.* v. *United States* (70 Treas. Dec. 1184, Abstract 35198). The case involved several different kinds of articles, all of which, it was agreed, were "used chiefly on the table in the kitchen or in the household, for utilitarian purposes." In excluding the door knockers involved therein from classification as household utensils, the court stated that "Such articles are usually attached to doors and are door fixtures and not household utensils any more than door knobs would be household utensils." The Court of Customs and Patent Appeals affirmed that classification in *U. Fujita & Co. et al.* v. *United States*, 26 C.C.P.A. (Customs) 64, T.D. 49611, and, in doing so, reviewed earlier decisions construing the statutory term "household utensils" and then stated that—

* * * considering the context and the legislative history of paragraph 339, *supra*, and the dictionary definitions of the terms "utensil," "instrument," and "implement," we are unable to accept the view that it was the purpose of the Congress to include within that paragraph articles designed to be, and, when in use, are, permanently attached to houses as fixtures, and, as such, a part of the realty. 26 C.J. 651 *et seq.* § 1 *et seq.*

The term "utensil" might be said to be sufficiently broad to include door knobs. However, door knobs are designed to be, and, when in use, are, permanently attached to doors. They are, therefore, fixtures, and, as such, a part of the house or realty. Many other necessary and useful articles, such as locks, bolts, hinges, etc., are of the same class.

We do not wish to be understood as holding that the term "household utensils," as used in paragraph 339, *supra*, is limited to a class of articles which, when in use, may be moved from place to place in the household. There are articles of utility which, although attached to houses and used in the household

only where attached, retain their status as personality and are not to be regarded as a part of the realty. However, in the instant case, there is no evidence of record to establish that, when attached to doors, the involved articles do not become a part of the realty.

The same conclusion applies herein on the basis of the present record so far as it relates to the door knocker, exhibit 1, *supra*. The witness stated that he sold this door knocker "only to department stores and gift shops" (R. 16) and never to real estate concerns. This statement appearing alone, as it does, herein, falls far short of establishing that the item under consideration, when attached to a door, does not become a part of the realty. It is "fundamental in customs law that when the classification of the collector is challenged, the dual burden of proving that such classification is incorrect and that its own claimed classification is correct, rests upon the importer." *Yardley & Co., Ltd., et al.* v. *United States*, 41 C.C.P.A. (Customs) 85, C.A.D. 533. Plaintiff has not sustained its dual burden herein as to the claim alleging the door knocker in question to be a household utensil. We, therefore, hold that the item described on the invoice with entry 12364 as "M-78—Large Door knocker Colored" to be properly classifiable as an article, not specially provided for, composed wholly or in chief value of brass, and not plated with platinum, gold, or silver, or colored with gold lacquer, under paragraph 397, as modified, *supra*, carrying a dutiable rate of 22½ per centum ad valorem, as assessed by the collector.

To the extent indicated, the protests are sustained and judgment will be rendered accordingly.