(C.D. 2869)

ADORENCE CO., INC. *v.* UNITED STATES

United States Customs Court, First Division

(Decided January 12, 1967)

*Siegel, Mandell & Davidson* for the plaintiff.
*Barefoot Sanders*, Assistant Attorney General, for the defendant.

Before OLIVER, WATSON, and RAO, Judges

RAO, Chief Judge. The merchandise involved in these cases consists of ladies' or women's footwear imported from Japan in 1959 and 1960. It was assessed with duty as stipulated below. The claim as amended by the order of the court is as the stipulation states.

Counsel have submitted these cases on a stipulation reading as follows:

IT IS STIPULATED AND AGREED by and between counsel for the plaintiff and the Assistant Attorney General for the United States:

That the items marked "A", and checked RCB (Examiner's initials) by Examiner Robert C. Brucato (Examiner's name) on the invoices covered by the protests enumerated on the schedule attached hereto and made a part hereof, consist of footwear, assessed with duty at 20 per centum ad valorem under the provisions of paragraph 1530(e), Tariff Act of 1930, as modified by T.D. 51802, and paragraph 1559 of said Act, as amended, as other boots, shoes or footwear, made wholly or in chief value of leather, not specially provided for (except huaraches, turn or turned boots and shoes, and men's, youth's and boys'

boots, shoes or other footwear) or at 21 cents per pound and 17 per centum ad valorem under the provisions of paragraph 1539(b) of said Act, as modified by T.D. 54108, as manufactures wholly or in chief value of any product of which any synthetic resin or resin-like substance is the chief binding agent.

That it is claimed that said merchandise is dutiable at 12½ per centum ad valorem under the provisions of paragraph 1537(b) of said Act, as modified by T.D. 53865,.as manufactures of india rubber or gutta-percha, or of which these substances or either of them is the component material of chief value, not specially provided for (boots, shoes or other footwear, wholly or in chief value of india rubber).

That said merchandise consists, in fact, of ladies' or women's footwear in chief value of india rubber and not wholly or in chief value of any product of which any synthetic resin or resin-like substance is the chief binding agent, and not wholly or in chief value of any synthetic resin.

That the protests be deemed submitted on this stipulation, the protests being limited to the items marked with the letter "A", as aforesaid, and to the claim for classification under paragraph 1537(b), and abandoned as to all other merchandise and all other claims.

On the agreed facts and on the authority of *Adorence Co., Inc.* v. *United States*, 56 Cust. Ct. 369, C.D. 2661, we hold that the merchandise represented by the items marked with the letter "A" and with the initials of the examiner on the invoices covered by the protests enumerated on the schedule attached hereto and made a part hereof is properly dutiable at 12½ per centum ad valorem under paragraph 1537(b) of the Tariff Act of 1930, as modified by the Protocol of Terms of Accession by Japan to the General Agreement on Tariffs and Trade, 90 Treas. Dec. 234, T.D. 53865, supplemented by 90 Treas. Dec. 280, T.D. 53877, as boots, shoes, or other footwear, wholly or in chief value of india rubber.

To that extent, the protests are sustained. As to all other merchandise and in all other respects, they are overruled.

Judgment will be entered accordingly.