(C.D. 3034)

ATLAS TRADING CORPORATION *v.* UNITED STATES

United States Customs Court, First Division

(Decided on rehearing [not published] June 14, 1967)

*Siegel, Mandell & Davidson* for the plaintiff.
*Carl Eardley*, Acting Assistant Attorney General, for the defendant.

Before OLIVER, WATSON, and BECKWORTH, Judges

BECKWORTH, Judge: The merchandise involved in this case consists of men's footwear imported from Japan and entered at the port of San Juan, P.R., on May 8, 1962. Duty was assessed and a claim made by protest as stated in the stipulation.

Counsel for the respective parties have submitted the case on a stipulation reading as follows:

IT IS STIPULATED AND AGREED by and between counsel for the plaintiff and the Assistant Attorney General for the United States:

That the items marked "A", and checked JEMC (Examiner's initials) by Examiner Juan E. Marin Cancel (Examiner's name) on the invoices covered by the protest enumerated above, consist of footwear, assessed with duty at 21 cents per pound and 17 per centum ad valorem under the provisions of paragraph 1539(b) of said Act, as modified by T.D. 54108, as manufactures wholly or in chief value of any product of which any synthetic resin or resin-like substance is the chief binding agent.

That it is claimed that said merchandise is dutiable at 12½ per centum ad valorem under the provisions of paragraph 1537(b) of said Act, as modified by T.D. 53865, as manufactures of india rubber or gutta-percha, or of which these substances or either of them is the component material of chief value, not specially provided for (boots, shoes or other footwear, wholly or in chief value of india rubber).

That said merchandise consists, in fact, of men's footwear which on the basis of later received information would have been classified as in chief value of india rubber and not wholly or in chief value of any product of which any synthetic resin or resin-like substance is the chief binding agent, and not wholly or in chief value of any synthetic resin.

That the protest be deemed submitted on this stipulation, the protest being limited to the items marked with the letter "A", as aforesaid, and to the claim for classification under paragraph 1537(b), and abandoned as to all other merchandise and all other claims.

On the agreed facts and on the authority of *Adorence Co., Inc.* v. *United States*, 56 Cust. Ct. 369, C.D. 2661, we hold that the merchandise represented by the items marked with the letter "A" and with the initials of the examiner on the invoice covered by the protest herein is properly dutiable at 12½ per centum ad valorem under paragraph 1537(b) of the Tariff Act of 1930, as modified by the Protocol of Terms of Accession by Japan to the General Agreement on Tariffs and Trade, 90 Treas. Dec. 234, T.D. 53865, supplemented by 90 Treas. Dec. 280, T.D. 53877, as boots, shoes, or other footwear, wholly or in chief value of india rubber.

To that extent, the protest is sustained. As to all other merchandise, it is overruled.

Judgment will be entered accordingly.