**No. P67/378.**—S. S. Sarna, Inc. *v.* United States, protest 65/23722 (New York).

RAO, C.J. In accordance with stipulation of counsel that the merchandise covered by the foregoing protest consists of brass bell incense burners and similar brass articles or brass brackets the same in all material repects as the merchandise the subject of *S. S. Sarna, Inc.* v. *United States* (44 Cust. Ct. 444, Abstract 64135), the claim of the plaintiff was sustained.

BEFORE THE FIRST DIVISION, NOVEMBER 6, 1967

**No. P67/379.**—Brechner Bros. Import Corp. *v.* United States, protest 65/22471 (Boston).

BECKWORTH, J. In accordance with stipulation of counsel that the merchandise covered by the foregoing protest consists of ladies' or women's footwear which on the basis of later received information would have been classified as footwear in chief value of india rubber and not wholly or in chief value of any product of which any synthetic resin or resin-like substance is the chief binding agent, and not wholly or in chief value of any synthetic resin, and on the authority of *Adorence Co., Inc.* v. *United States* (56 Cust. Ct. 369, C.D. 2661), the claim of the plaintiff was sustained.

**No. P67/380.**—Acme Venetian Blind & Window Shade Corp. *v.* United States, protests 62/18040 and 62/13674(B) (New York).

BECKWORTH, J. In accordance with stipulation of counsel that the merchandise covered by the foregoing protests consists of Philippine mahogany sticks or slats similar in all material respects to those the subject of *Acme Venetian Blind & Window Shade Corp.* v. *United States* (56 Cust. Ct. 563, C.D. 2704), the claim of the plaintiff was sustained.