(C. D. 3126)

PISTORINO & COMPANY, INC. *v.* UNITED STATES

United States Customs Court, First Division

(Decided September 25, 1967)

*Walter E. Doherty, Jr.*, for the plaintiff.
*Carl Eardley*, Acting Assistant Attorney General, for the defendant.

Before WATSON and BECKWORTH, Judges

BECKWORTH, Judge: The merchandise involved in this case consists of children's footwear imported from Japan and entered at the port of Boston on September 7, 1962. Duty was assessed and a claim made by protest as stated in the stipulation.

Counsel for the respective parties have submitted the case on a stipulation reading as follows:

It is hereby stipulated and agreed by and between counsel for the plaintiff and the Assistant Attorney General for the United States; subject to the approval of the Court:

That the items marked "A", and checked PWM Examiner's initials by Examiner Paul W. Madden Name on the invoice covered by the protest herein, consist of footwear, assessed with duty at 20 per centum ad valorem under the provisions of paragraph 1530(e) Tariff Act of 1930, as modified by T.D. 51802, and paragraph 1559 of said Act, as amended, as other boots, shoes or footwear, made wholly or in chief value of leather, not specially provided for (except huaraches, turn or turned boots and shoes, and men's, youth's and boys' boots, shoes or other footwear).

That it is claimed that said merchandise is dutiable at 12½ per centum ad valorem under the provisions of paragraph 1537(b) of said Act, as modified by T.D. 53865, as manufactures of india rubber or gutta-percha, or of which these substances or either of them is the component material of chief value not specially provided for (boots, shoes or other footwear, wholly or in chief value of india rubber).

That said merchandise consists, in fact, of children's footwear in chief value of india rubber and not wholly or in chief value of any product of which any synthetic resin or resinlike substances is the chief binding agent, and not wholly or in chief value of any synthetic resin.

That the protest be submitted on this stipulation.

On the agreed facts and on the authority of *Adorence Co., Inc.* v. *United States*, 56 Cust. Ct. 369, C.D. 2661, we hold that the merchandise represented by the items marked with the letter "A" and with the

initials of the examiner on the invoice covered by the protest herein is properly dutiable at 12½ per centum ad valorem under paragraph 1537(b) of the Tariff Act of 1930, as modified by the Protocol of Terms of Accession by Japan to the General Agreement on Tariffs and Trade, 90 Treas. Dec. 234, T.D. 53865, supplemented by 90 Treas. Dec. 280, T.D. 53877, as boots, shoes, or other footwear, wholly or in chief value of india rubber.

To that extent, the protest is sustained. As to all other merchandise, it is overruled.

Judgment will be entered accordingly.