(C.D. 3168)

Silvine Importers, Inc. *v.* United States

United States Customs Court, Second Division

(Decided October 19, 1967)

*Leonard A. Green* for the plaintiff.

*Edwin L. Weisl, Jr.,* Assistant Attorney General (*Arthur H. Steinberg,* trial attorney), for the defendant.

Before Rao and Ford, Judges

Rao, Chief Judge: With the approval of the court, the five protests enumerated in the schedule attached to and made a part of this decision were consolidated for purposes of trial. The merchandise involved consists of metal desk lamps which were classified within the basket provision of paragraph 397 of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, as articles or wares, not specially provided for, composed wholly or in chief value of base metal, for which duty at the rate of 19 per

centum ad valorem is provided. The claim in the protests relied upon is that the desk lamps in issue should properly have been classified as household utensils, not specially provided for, composed wholly or in chief value of base metal, in paragraph 339 of said tariff act, as modified, *supra*, and assessed with duty at the rate of only 17 per centum ad valorem.

Four of the protests enumerated in the schedule above referred to, namely 62/4272, 62/4280, 63/4438(A), and 63/3397, had formerly been submitted for decision on a stipulation of fact by the parties hereto. By order of the court, their submission was set aside for the reason "that although the parties hereto have agreed to certain material facts concerning the composition and use of said metal lamps the record does not establish whether or not said articles are a type of illuminating or lighting fixture or lamp which is, or may be, classifiable in paragraph 397 of said act, as modified, under the doctrines of *United States* v. *Minami & Co., Inc.*, 29 CCPA 169, C.A.D. 188; *National Carloading Corp.* v. *United States*, 44 CCPA 77, C.A.D. 640; and *Nife, Inc.* v. *United States*, 40 Cust. Ct. 570, Abstract 61976, which facts the Court deems essential to a proper determination of the issues in this case."

When the cases were subsequently called for hearing, the original stipulation of fact was marked in evidence as exhibit 1. It reads in material part as follows:

It is hereby stipulated and agreed by and between counsel for the Plaintiff and the Assistant Attorney General for the United States, counsel for the Defendant, that the items marked "A" and initialed ESF Jr., by Examiner E. S. Franks, Jr., on the invoices covered by the above named protests, specifically enumerated in Schedule "A" attached hereto and made a part hereof, assessed with duty at 19% ad valorem under Paragraph 397 of the Tariff Act of 1930 as modified (T.D. 54108) consist of electric goose neck desk lamps in chief value of metal (steel). These items are utensils chiefly used in the household and are, therefore, properly classified under Paragraph 339, of the Tariff Act of 1930 as modified (T.D. 54108) as household utensils in chief value of metal, not specifically provided for and dutiable at the reduced rate of 17% ad valorem under the paragraph as modified.

In addition to said stipulation, the following exhibits were received in evidence—

Exhibit 2—consists of a flexible arm student desk lamp.

Exhibit 3—illustration of an item number 308 double flexible arm lamp.

Collective exhibit 5—copy of a letter dated May 16, 1961, from the plaintiff herein to the United States Bureau of Customs at Washington requesting information on the dutiable classification of an item number 100 flexible arm lamp.

Exhibit 4—Customs Bureau reply to the foregoing communication bearing date of May 25, 1961, over the signature of W. E. Higman, Chief, Classification and Drawbacks.

Collective exhibit 6—consists of four letters dated in November 1961 and January 1962 and 1963 to the plaintiff herein from Deputy Commissioner W. E. Higman in answer to inquiries with regard to other lamps different in styling but similar in nature to the instant exhibits 2 and 3.

It is only from plaintiff's exhibits 4, 5, and 6 in evidence and from the argument contained in plaintiff's brief that the court is alerted to the fact that the basis of plaintiff's claim of error in the classification of the instant merchandise is that an alleged change in an established and uniform practice had taken place without compliance with the change of practice provisions of section 315(d) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1953, 88 Treas. Dec. 186, T.D. 53318, and section 16.10(a) of the Customs Regulations, which read as follows:

Section 315(d) of the Tariff Act of 1930, as amended:

(d) No administrative ruling resulting in the imposition of a higher rate of duty or charge than the Secretary of the Treasury shall find to have been applicable to imported merchandise under an established and uniform practice shall be effective with respect to articles entered for consumption or withdrawn from warehouse for consumption prior to the expiration of thirty days after the date of publication in the weekly Treasury Decisions of notice of such ruling; but this provision shall not apply with respect to the imposition of antidumping duties.

Section 16.10(a) of the Customs Regulations:

(a) If there is an established and uniform practice at the various ports, a change in classification resulting in a higher rate of duty, except as the result of a court decision, shall be made only upon the Bureau's instructions and shall be applicable only to merchandise entered for consumption after the expiration of 90 days after the date of the publication of the Bureau's instructions in the Treasury Decisions. In the case of merchandise entered for warehouse, such change shall apply to goods withdrawn for consumption after the expiration of such 90-day period, provided the warehouse entry is unliquidated or can be reliquidated within 60 days after the date of liquidation.

A careful review of the protests filed herein does not disclose any information which would put the customs authorities on notice that, from the plaintiff's point of view, a change of an established practice in classifying desk lamps such as those at bar had taken place without due notice. The failure to so plead in its protests or by amendment thereto places the matter beyond the scope of judicial review. This court was confronted with a similar situation in the case of *Bauer*

*Alphabets, Inc.* v. *United States*, 54 Cust. Ct. 255, C.D. 2540, and it there stated—

While it is true that plaintiff asserts that classification of the merchandise at bar within paragraph 1410 is dictated by the failure of customs officials to comply with the provisions of section 315(d) of the Tariff Act of 1930, as amended, *supra*, and of section 16.10(a) of the Customs Regulations in issuing notice of a change of practice, it does not appear that this was a ground upon which reliance was placed at the time that the instant protests were filed. By virtue of the provisions of section 514 of the Tariff Act of 1930, a protest must set forth distinctly and specifically the reasons for the objection to the action of the collector, to the end that he may reconsider his decision and modify the same if he believes that the ground for the objection has merit. The protest is designed to call to the attention of the collector the reason for the objection to his action. Consequently, issues which are not embraced by the protest are not properly before the court for consideration, unless they are within the scope of the original claim presented and added thereto by way of amendment. *American Mail Line, Ltd.* v. *United States*, 34 CCPA 1, C.A.D. 335; *Lansen-Naeve Corp.* v. *United States*, 37 Cust. Ct. 91, C.D. 1803.

The change of practice allegation not having been pleaded in the instant protests, and the customs authorities never having been given the opportunity to review such a claim as provided for in section 514 of the tariff act, *supra*, said claim may not be here considered by the court.

The defendant, although disputing the validity of the change of practice arguments set forth for the first time in plaintiff's brief, stands by its stipulation with the plaintiff. Insofar as said stipulation, quoted above, states as facts that the articles in issue are utensils and that they are chiefly used in the household, the court accepts it at face value since it has been ruled that the court is bound by facts agreed to by parties litigant (*American Bead Co.* v. *United States* and *Wolff & Co.* v. *United States*, 7 Ct. Cust. Appls. 161, T.D. 36465). However, the court is not bound by the concluding portion of the stipulation above quoted to the effect that "[These items] are, therefore, properly classified under Paragraph 339, of the Tariff Act of 1930 as modified (T.D. 54108) as household utensils in chief value of metal, not specifically provided for and dutiable at the reduced rate of 17% ad valorem under that paragraph as modified." It is for the court alone to apply the law to the facts presented to it. The last-quoted statement from the stipulation of the parties, being a conclusion of law, is without binding effect on the court and will not be considered by it. *Julius Forstmann & Co.* v. *United States*, 26 CCPA 336, C.A.D. 37.

Briefly stated, the evidence presented before the court is that the metal desk lamps at bar are utensils, composed of base metal and that they are chiefly used in the household.

It is axiomatic that a "use" provision will prevail over an *eo nomine* provision or one of general terms. In the present case, in the event there were no other determining considerations than relative specificity between the claimed provisions of paragraph 339 for household utensils and the broad provisions of paragraph 397 covering articles of metal, not specially provided for, the former provision would, by judicial construction, prevail. (*United States* v. *Lansen-Naeve Corp.*, 44 CCPA 31, C.A.D. 632.)

However, it is also axiomatic in customs law that the master rule of construction is legislative intent. The intent of Congress in enacting paragraph 397 of the Tariff Act of 1930 was the subject of extensive discussion in the cases of *Minami, National Carloading,* and *Nife,* which have been cited, *supra,* and was controlling of the decision in the relatively recent case of *Biddle Purchasing Co.* v. *United States,* 50 CCPA 71, C.A.D. 823. The fact that the electrical articles provision of the 1930 tariff act, paragraph 353, was in those cases in competition with paragraph 397, whereas here the household utensils provision contained in paragraph 339 is placed in opposition to paragraph 397, does not make the scope of paragraph 397 any the less pertinent.

In the case of *Biddle Purchasing Co.* v. *United States, supra,* the appellate court upheld the trial court in sustaining the classification for duty purposes of common two-cell flashlights as electrical articles in paragraph 353 of the Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739, rather than as articles or wares, not specially provided for, composed wholly or in chief value of iron or steel, in paragraph 397 of said act, as modified by the sixth protocol, *supra.* In the course of its decision, the appellate court stated as follows:

Appellant's argument is briefly summarized as follows:

(1) H.R. 2667, 71st Cong., 1st Sess., the Tariff Bill of 1929, as passed by the House, contained a *proposed* new paragraph 387 which specifically provided for "illuminating or lighting fixtures, lamps", etc. [Italics quoted.]

(2) The Senate Finance Committee struck out this proposed paragraph and, after passage in the Senate, the matter went into conference where the House receded. The conference report states that the effect of striking out the proposed paragraph 387 was to throw the items into the basket clause which is now paragraph 397 of the 1930 Act.

\*   \*   \*   \*   \*   \*   \*

The legislative history referred to in the first two paragraphs in the above summary is discussed at length in *National Carloading Corp.* v. *United States,* 44 CCPA 77, C.A.D. 640, and *United States* v. *N. Minami & Co., Inc.,* 29 CCPA 169, C.A.D. 188. *It is here necessary only to quote the provisions of proposed paragraph 387 of H.R. 2667 and*

*to state that we agree with appellant's position that the items mentioned therein were intended by Congress to be included in the basket clause of the metals schedule, now paragraph 397 of the 1930 Act.* [Italics supplied.] Proposed paragraph 387 is as follows:

> PAR. 387. Illuminating or lighting fixtures, *lamps*, lamp bases, candelabra, and candlesticks, any of the foregoing and parts thereof, finished or unfinished, not specially provided for, if wholly or in chief value of base metal or alloy, 50 per centum ad valorem; if wholly or in chief value of, or plated with, platinum, gold, or silver, 65 per centum ad valorem. [Italics supplied.]

*     *     *     *     *     *     *

It was conceded by the appellant before the court below that flashlights are not "fixtures" and therefore cannot be included by the terms "illuminating or lighting fixtures". It is equally clear to us that the imported flashlights cannot be included by the terms "lamp bases, candelabra, and candlesticks". Thus, in order to be included in the provisions of proposed paragraph 387, they must be included as "lamps".

Appellant, in its brief, relies upon a number of dictionary definitions and cites excerpts from several U.S. patents issued in 1929 and 1930 which purport to show that "lamps" should include the imported flashlights. Appellant stated in its brief that:

> The term "lamp" embraces in common understanding any device for producing artificial light, and as used in proposed paragraph 387, includes all forms of the article.

Even if "lamps" can be broadly defined to include flashlights, we do not think that Congress intended such a broad definition in proposed paragraph 387. If such a broad meaning of "lamp" was intended by Congress, then the other articles enumerated in proposed paragraph 387 would be surplusage.

The testimony taken at the hearings concerned proposed paragraph 387 of H.R. 2667 before the House Committee on Ways and Means[4] and the Senate Committee on Finance[5] indicates that the legislators and witnesses were concerned with cast iron and brass chandeliers, wall brackets, street lights, and residential lighting fixtures, etc. Nowhere in these hearings is there any indication that Congress was concerned with flashlights or articles similar to them. Such testimony indicates to us that the term "lamps", as used in proposed paragraph 387, was intended to cover articles *ejusdem generis* with illuminating and lighting fixtures.

A further indication that Congress intended "lamps" to mean articles *ejusdem generis* with illuminating and lighting fixtures and not flashlights is the inclusion of the term "lamp bases". *"Lamp bases", of course, refers to the base or stock of a table or floor lamp*, without the bulb, shade and possibly the socket. We do not know, and appellant has not argued, that there is such an article as a "base" for a flashlight. [Italics supplied.]

---

[4] 70th Cong., 2nd Sess., Sch. 3, pp. 2617–2632.
[5] 71st Cong., 1st Sess., Sch. 3, pp. 1045–1073.

From the foregoing, it would appear that the classification by the customs officials of the instant metal desk lamps within the provisions of paragraph 397 of the Tariff Act of 1930, as modified, was in accordance with the legislative intent of Congress, above referred to, and was consistent with the judicial construction of its application as set forth by the appellate court in the *Biddle* case, *supra*. It is to be noted that in addition to naming "Illuminating or lighting fixtures" in proposed paragraph 387 of the Tariff Act of 1930, which subsequently were intended by Congress to be considered as coming within the scope of paragraph 397 of said act, the following articles are likewise specifically enumerated—"*lamps*, lamp bases, candelabra, and candlesticks." [Italics supplied.] In the light of such clear expression of the intent of Congress, the court is led to sustain the classification in the instant case.

We are not deterred from this position by the fact that certain illuminating articles such as flashlights and signs have been held to be within the scope of paragraph 353 of the Tariff Act of 1930 (the *Biddle* and *Minami* cases, *supra*), and by the fact that there is a provision in paragraph 339 of said act, as modified, for certain illuminating articles chiefly used as table, household, kitchen, and hospital utensils.

Nor are we dissuaded from the conclusion herein reached by virtue of the case of *Ignaz Strauss & Company, Inc.* v. *United States; United States* v. *Ignaz Strauss & Company, Inc.*, 54 CCPA 125, C.A.D. 923, rehearing denied October 5, 1967, wherein certain candelabra and candlesticks were held to be household utensils within the purview of paragraph 339 of the Tariff Act of 1930, as modified. In view of the fact that the court did not discuss the *Biddle* case, *supra*, the rationale of which plainly indicates a recognition that lamps and lamp bases of the household variety were relegated by Congress to the basket provision of paragraph 397 of said act, as modified, for articles of metal, not specially provided for, we are of the opinion that the court did not intend to depart from the views expressed in that case, which have been set forth in detail, *supra*.

As stated above, the master rule of construction of statutes is the application of legislative intent. Inasmuch as it has been shown that it was the legislative intent to include "lamps" within the provisions of paragraph 397 of the Tariff Act of 1930, and inasmuch as the parties hereto have stipulated and agreed that the merchandise at bar (as to the four protests covered by the stipulation referred to, *supra*) consists of electric gooseneck desk lamps, chiefly used in the household, we are of the opinion that said articles come within the purview of paragraph 397 of the Tariff Act of 1930, as modified, *supra*, as classi-

fied by the customs authorities. No evidence has been presented as to the merchandise covered by protest 64/14124 and, as to such merchandise, the presumption of correctness of its classification for customs duty purposes remains undisturbed.

On the record presented and for the reasons above expressed, all claims in the five protests enumerated in the schedule attached hereto are overruled.

Judgment will be entered accordingly.