BEFORE THE SECOND DIVISION, OCTOBER 31, 1967

**No. P67/375.**—Daher Company, Inc., et al. *v.* United States, protests 66/1202, etc. (New York).

RAO, C.J.   In accordance with stipulation of counsel that the merchandise covered by the foregoing protests consists of containers of tinplate, not plated with platinum, gold, or silver, and not containing electrical heating elements, similar in all material respects to those the subject of *Fabius & Co., Inc.*, and *Daher Company, Inc.* v. *United States* (55 Cust. Ct. 305, C.D. 2595), the claim of the plaintiffs was sustained.

BEFORE THE THIRD DIVISION, OCTOBER 31, 1967

**No. P67/376.**—Ross Products, Inc., et al. *v.* United States, protests 64/18764, etc. (New York).

LANDIS, J.   In accordance with stipulation of counsel that the items of merchandise marked "T" covered by the foregoing protests consist of cups and saucers similar in all material respects to those the subject of *W. Kay Company, Inc.* v. *United States* (53 Cust. Ct. 130, C.D. 2484), and that the items of merchandise marked "D" covered by the foregoing protests consist of cups and saucers similar in all material respects to those the subject of *United States* v. *The Baltimore & Ohio R.R. Co. a/c United China & Glass Company* (47 CCPA 1, C.A.D. 719), the claim of the plaintiffs was sustained.

BEFORE THE SECOND DIVISION, NOVEMBER 2, 1967

**No. P67/377.**—S. S. Sarna, Inc. *v.* United States, protests 65/1400, etc. (New York).

RAO, C.J.   In accordance with stipulation of counsel that the items of merchandise marked "A" covered by the foregoing protests consist of brass bell bottle openers and similar brass articles or brass brackets similar in all material respects to those the subject of *S. S. Sarna, Inc.* v. *United States* (44 Cust. Ct. 444, Abstract 64135) and that the items of merchandise marked "B" consist of brass door knockers the same in all material respects as the merchandise the subject of Abstract 64135, *supra*, the claims of the plaintiff were sustained.