**IGNAZ STRAUSS & CO., Inc., Plaintiff,**

v.

**UNITED STATES, Defendant.**

C. D. 3627; Protests 60/8003–17930–59.

United States Customs Court
Second Division.

Nov. 26, 1968.

———◆———

Rode & Qualey, New York City, for plaintiff.

Edwin L. Weisl, Jr., Asst. Atty. Gen. (Harold L. Grossman, New York City, trial attorney), for defendant.

Before RAO and FORD, Judges.

RAO, Chief Judge:

The merchandise involved in the protests enumerated in schedule "A", at-tached hereto and made a part hereof, consists of brass candlesticks and brass candelabra, assessed with duty at 19 per centum ad valorem under paragraph 397 of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas.Dec. 150, T.D. 54108, or at 17 per centum or 15 per centum ad valorem under said paragraph, as modified by Presidential Proclamation No. 3468, 97 Treas.Dec. 157, T.D. 55615, and Presidential Proclamation No. 3513, 98 Treas.Dec. 51, T.D. 55816, as articles in chief value of brass. It is claimed to be dutiable at 12½ per centum ad valorem under paragraph 339 of said tariff act, as modified by the said sixth protocol, or at 11 per centum or 10 per centum ad valorem under said paragraph, as modified by said Presidential proclamations, as household utensils in chief value of brass.

These cases have been submitted on a stipulation reading as follows:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the plaintiff and the Assistant Attorney General for the United States that the items marked "A" on the invoices covered by the protests enumerated in the attached schedule and assessed with duty at the rate of 19 per centum ad valorem under the provisions of Paragraph 397, Tariff Act of 1930 as modified by T.D. 54108 or at the rate of 17 or 15 per centum ad valorem under the provisions of Paragraph 397, Tariff Act of 1930 as modified by T.D. 55615 and T.D. 55816, consists of brass candlesticks or brass candelabras the same in all material respects as the merchandise the subject of Ignaz Strauss & Co., Inc. v. United States, United States v. Ignaz Strauss & Co., Inc., 54 C.C.P.A. (Customs) 125, C.A.D. 923, rehearing denied, October 5, 1967, and therein held to be dutiable at the rate of 12½ per centum ad valorem under the provisions of Paragraph 339 of the Tariff Act of 1930 as modified by T.D. 54108, as house-

hold utensils composed wholly or in chief value of brass; that the rate of duty for household utensils composed wholly or in chief value of brass dutiable under Paragraph 339, Tariff Act of 1930 was reduced to 11 per centum ad valorem under the provisions of T.D. 55615 and T.D. 55816 as to all such merchandise entered or withdrawn from warehouse for consumption during the period commencing July 1, 1962 and ending June 30, 1963, and to 10 per centum ad valorem for all such merchandise entered or withdrawn from warehouse for consumption during the period commencing July 1, 1963 and ending August 30, 1963.

IT IS FURTHER STIPULATED AND AGREED that the record in C.A.D. 923 be incorporated in these cases and that the protests be submitted on this stipulation, the same being limited to the merchandise marked "A" as aforesaid.

It is plaintiff's position that the instant protests are governed by the decision of the Court of Customs & Patent Appeals in C.A.D. 923; it is the position of the Assistant Attorney General that the decision in Silvine Importers, Inc. v. United States, 59 Cust.Ct. 355, C.D. 3168 is controlling.

Ignaz Strauss & Company, Inc. v. United States, United States v. Ignaz Strauss & Company, Inc., 54 CCPA 125, C.A.D. 923, involved candlesticks and candelabra, represented by six exhibits. The trial court (Ignaz Strauss & Co., Inc. v. United States, 56 Cust.Ct. 54, C.D. 2611) found that those represented by exhibits 3, 5, and 6 were used in Jewish households, not as illuminants, but for the purpose of celebrating the Sabbath or other Jewish holy days, the lighting feature being incidental to the religious purpose. The articles were, therefore, held dutiable as household utensils under paragraph 339 of the Tariff Act of 1930, as modified. The other articles were found to be illuminating articles, and in view of certain legislative history discussed in the decision,

were held classifiable under paragraph 397, as modified, as articles in chief value of brass.

On appeal, it was held that all of the articles were classifiable under paragraph 339, as modified, as household utensils of brass. The court was unable to discern any meaningful visual distinction between the various importations and held that the Customs Court had viewed the testimony too strictly. It concluded that all of the importations were household utensils. It then stated (54 CCPA p. 129):

As we view the government's arguments, the importer succeeds if the importations are primarily used for lighting and not decoration. We are satisfied from examining the exhibits and considering the evidence that the importations are not primarily used for decoration. See S. S. Sarna, Inc. v. United States, 44 Cust.Ct. 444, Abs. 64135 (1960).

The court did not refer to the legislative history discussed in the decision below.

In Silvine Importers, Inc. v. United States, 59 Cust.Ct. 355, C.D. 3168, the merchandise consisted of metal goose neck desk lamps, classified by the collector as articles of base metal under paragraph 397, as modified, and claimed to be dutiable as household utensils under paragraph 339, as modified. The court found that the lamps were utensils composed of base metal, chiefly used in the household. It stated that if there were no other determining considerations than relative specificity between the "use" provision in paragraph 339 and the broad provisions in paragraph 397, the former would prevail. It held, however, that the master rule of construction was legislative intent and that it was the intent of Congress that illuminating and lighting fixtures, lamps, lamp bases, candelabra, and candlesticks should be considered as coming within the scope of paragraph 397 of the Tariff Act of 1930. The court relied on the legislative history which had been cited

at length by the court of appeals in United States v. N. Minami & Co., Inc., 29 CCPA 169, C.A.D. 188; National Carloading Corp. v. United States, 44 CCPA 77, C.A.D. 640; and Biddle Purchasing Co. v. United States, 50 CCPA 71, C.A.D. 823. It concluded:

Nor are we dissuaded from the conclusion herein reached by virtue of the case of Ignaz Strauss and Company, Inc. v. United States; United States v. Ignaz Strauss & Company, Inc., 54 CCPA 125, C.A.D. 923, rehearing denied October 5, 1967, wherein certain candelabra and candlesticks were held to be household utensils within the purview of paragraph 339 of the Tariff Act of 1930, as modified. In view of the fact that the court did not discuss the *Biddle* case, supra, the rationale of which plainly indicates a recognition that lamps and lamp bases of the household variety were relegated by Congress to the basket provision of paragraph 397 of said act, as modified, for articles of metal, not specially provided for, we are of the opinion that the court did not intend to depart from the views expressed in that case, which have been set forth in detail, supra.

As stated above, the master rule of construction of statutes is the application of legislative intent. Inasmuch as it has been shown that it was the legislative intent to include "lamps" within the provisions of paragraph 397 of the Tariff Act of 1930, and

inasmuch as the parties hereto have stipulated and agreed that the merchandise at bar (as to the four protests covered by the stipulation referred to, supra) consists of electric gooseneck desk lamps, chiefly used in the household, we are of the opinion that said articles come within the purview of paragraph 397 of the Tariff Act of 1930, as modified, supra, as classified by the customs authorities.
\* \* \*

In the instant case, it has been stipulated that the brass candelsticks and candelabra before us are the same in all material respects as the merchandise involved in Ignaz Strauss & Company, Inc. v. United States, supra. We are constrained, therefore, to hold that said candlesticks and candelabra, represented by the items marked with the letter "A" on the invoices covered by the protests enumerated on the attached schedule, are dutiable as household utensils in chief value of brass, under paragraph 339 of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, or by Presidential Proclamation No. 3468, 97 Treas. Dec. 157, T.D. 55615, or by Presidential Proclamation No. 3513, 98 Treas. Dec. 51, T.D. 55816, at the rate in effect at the date on which the respective items were entered, or withdrawn from warehouse, for consumption.

The protests are sustained and judgment will be entered for the plaintiff.

SCHEDULE "A"
AND
SCHEDULE OF PROTESTS

| Protest | Plaintiff | Entry |
|---|---|---|
| 60/8003–17930–59 | Ignaz Strauss & Co., Inc. | 721986 |
| | | 734081 |
| 60/15829–470–60 | | 787247 |
| 60/15543–111–60 | | 97215 |
| 60/19003–3263–60 | | 860584 |
| 60/20362–3544–60 | | 834017 |
| 60/21084–4364–60 | | 859568 |

| Protest | Plaintiff | Entry |
|---|---|---|
| 60/22811–5942–60 | Ignaz Strauss & Co., Inc. | 878075 |
| 60/23183–6275–60 | | 886860 |
| 60/23459–6670–60 | | 865737 |
| 60/24708–7464–60 | | 901937 |
| 60/24710–7466–60 | | 859286 |
| 60/25808–8056–60 | | 850358 |
| 60/26117–8325–60 | | 898324 |
| | | 838032 |
| 60/29106–8890–60 | | 913505 |
| 60/29685–10419–60 | | 933504 |
| 60/30443–11154–60 | | 903280 |
| 61/1404–13125–60 | | 946664 |
| 61/2802–13643–60 | | 934875 |
| 61/4197–15223–60 | | 1017525 |
| 61/7834–18249–60 | | 1031831 |
| 61/8405–18709–60 | | 719697 |
| 61/12574–1756–61 | | 765633 |
| 61/15691–1765–61 | | 740360 |
| 61/16170–4079–61 | | 786103 |
| | | 730114 |
| 61/17150–5639–61 | | 755500 |
| | | 772108 |
| 61/17580–6189–61 | | 802880 |
| | | 771690 |
| 61/19867–7893–61 | | 828635 |
| 61/19869–7895–61 | | 808925 |
| 61/21420–8693–61 | | 840646 |
| | | 813072 |
| 61/23174–9931–61 | | 724418 |
| | | 889328 |
| 62/739–12119–61 | | 940958 |
| | | 980526 |
| | | 931453 |
| 62/2115–13131–61 | | 926388 |
| 62/2827–13854–61 | | 1008458 |
| | | 995618 |
| | | 1049796 |
| 62/5038–15208–61 | | 1020041 |
| | | 1020042 |
| | | 1046091 |
| 62/6224–15745–61 | | 1062133 |
| | | 977563 |
| 62/10108–17189–61 | | 702938 |
| 62/12436–18178–61 | | 744757 |
| 62/13107–18677–61 | | 797202 |
| 62/15019–20934–61 | | 774385 |
| 62/16130–21354–61 | | 810865 |
| 62/16132–21356–61 | | 809904 |
| 62/16986–22285–61 | | 854466 |
| 63/1722–24518–61 | | 836668 |
| 63/2300–25119–61 | | 823360 |

| Protest | Plaintiff | Entry |
| --- | --- | --- |
| 63/3057–26189–61 | Ignaz Strauss & Co., Inc. | 891127 |
| 63/12888–544–62 | | 938483 |
| 63/14733–1947–62 | | 908255 |
| 63/21048–5859–62 | | 728102 |
| 64/5109–9024–62 | | 785552 |
| 64/5709–9957–62 | | 1028096 |
| 64/6676–11498–62 | | 847305 |
| 64/6832–11768–62 | | 738719 |
| 64/8733–11063–62 | | 945629 |
| 64/8950–11767–62 | | 806215 |
| 64/12131–14955–62 | | 708471 |
| 64/13188–15603–62 | | 885189 |
| 64/13291–15986–62 | | 969422 |
| | | 90199 |
| 64/13437–15275–62 | | 889895 |
| 64/15761–18025–62 | | 952414 |
| 64/17704–20093–62 | | 1044985 |
| 64/19706–21445–62 | | 1057007 |
| 64/21797–93–63 | | 701469 |
| 64/22482–1274–63 | | 1066914 |
| 64/24955–3064–63 | | 64120 |
| 65/1330–5342–63 | | 1025349 |
| 65/1505–4825–63 | | 805529 |
| 65/3886–7239–63 | | 1047376 |
| 65/4968–7494–63 | | 796870 |
| 65/5062–7790–63 | | 816170 |
| 65/5702–8074–63 | | 846974 |
| 65/7286–20585–62 | | 44178 |
| 65/7539–9794–63 | | 877229 |
| 65/7650–10819–63 | | 784978 |
| 65/7652–10821–63 | | 902192 |
| 65/10539–11752–63 | | 61107 |
| 65/11149–9452–63 | | 851054 |
| 65/12572–13623–63 | | 56798 |
| 65/12576–13624–63 | | 887633 |
| 65/17392–15899–63 | | 974899 |
| 65/18233–17206–63 | | 974891 |
| 65/20048–19023–63 | | 1020371 |
| 65/21008–18527–63 | | 954661 |
| 65/21009–18528–63 | | 1016648 |
| 65/23014–19708–63 | | 915647 |
| 66/862–20837–63 | | 91043 |
| 66/8264–13293–63 | | 747608 |
| | | 948950 |
| 66/8265–16301–63 | | 983896 |
| 66/1839–225–64 | | 1044715 |
| 66/1864–2093–64 | | 905845 |
| 66/5533–3221–64 | | 902163 |